UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| STELLA MORRISON | § | |
| | § | |
| VS. | § | |
| | § | CASE NO. _____ |
| LAYNE WALKER, THE COUNTY OF | § | |
| JEFFERSON, TEXAS AND THE STATE | § | |
| OF TEXAS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, STELLA MORRISON, files Plaintiff's Original Complaint, complaining of LAYNE WALKER, INDIVIDUALLY, THE COUNTY OF JEFFERSON, TEXAS, AND THE STATE OF TEXAS, Defendants, and for a cause of action would show the following:

### PARTIES

1.    Plaintiff, STELLA MORRISON, is an individual residing in Jefferson County, Texas and is appearing in court through her attorney of record.

2.    Defendant, LAYNE WALKER, can be served with process at the Jefferson County courthouse, 252nd Judicial District Court, 1001 Pearl Street, Beaumont, Texas 77701.

3.    Defendant, THE COUNTY OF JEFFERSON, TEXAS, can be served with

1

process by serving County Judge Branick at 1149 Pearl Street, Beaumont, Texas 77701.

4.    Defendant, THE STATE OF TEXAS, can be served with process at the Office of the Governor, Honorable Rick Perry, 1100 San Jacinto Blvd., Austin. Texas 78701.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the Parties, the subject matter and the causes of action pursuant to federal question jurisdiction.  28 U.S.C. § 1331. This Court also has jurisdiction over the pendent Texas state law claims.  Venue is appropriate in this District and Division of Federal Court.

## BACKGROUND FACTS

6.    Ms. Stella Morrison is an African-American attorney who has practiced law in Jefferson County for many years, specializing in criminal defense law. Ms. Morrison is a civil rights leader who has made a very positive impact upon this community.  She has earned respect and admiration.  Similar to many other people, however, Ms. Morrison has been the victim of ongoing tortious, intentionally racist and unconstitutional actions perpetrated by Judge Layne Walker, acting

2

under Color of State Law, as the Texas State District Judge of the 252nd Judicial District Court. Ms. Morrison and her husband, Honorable Judge Kermit Morrison, ran against Judge Layne Walker for this elected office. Since those elections Judge Layne Walker has engaged in an ongoing pattern of harassment, retaliation, unconstitutional actions, grossly negligent conduct, and intentional Texas torts against Ms. Morrison. The vast majority of these culpable actions have occurred outside the scope of his jurisdiction as a judge, thus subjecting him to personal liability for all the causes of action pled in this Complaint.

7.      In addition to tormenting Ms. Morrison due to her running for office against him, Judge Layne Walker's unlawful conduct against her is also based upon his intentional racial discrimination against African-Americans. Judge Layne Walker demonstrates his racial discrimination through his unlawful actions against Ms. Morrison and other African-Americans. These actions include Judge Layne Walker imposing sentences upon African-American criminal defendants beyond the legal sentencing limits under Texas law, and also beyond comparable sentences that Judge Layne Walker imposes upon Caucasian defendants in his court. Further, Judge Layne Walker has a history and pattern of erratic

behavior and furious outbursts. In his overall pattern and practice of unconstitutional, racist and tortious activity, Judge Layne Walker has been supported and facilitated by Sheriff Mitch Woods, the Jefferson County Sheriff's Department, The Jefferson County District Attorney Judge Tom Maness and his office, and by the Provost Umphrey law firm.

8.     Judge Layne Walker's unlawful conduct includes, but is not limited to, the following.

9.     Judge Layne Walker has orchestrated and written grievances to the Texas State Bar against Ms. Stella Morrison, in an ongoing effort to have Ms. Morrison's law license revoked. These actions by Judge Layne Walker are racially motivated. These actions are outside of Judge Layne Walker's jurisdiction as a Texas state court judge. These actions also constitute constitutional violations against Ms. Morrison that interfere with her contractual rights to practice law, because Judge Layne Walker is attempting to stop Ms. Morrison from practicing law. Judge Layne Walker's efforts to revoke Ms. Morrison's law license is exemplified by a grievance he wrote to Texas State Bar investigator Ms. Morgan. Judge Layne Walker's Grievance insults Ms. Morrison for allegedly "demonstrating professional misconduct," providing "constitutionally

4

ineffective assistance to counsel," and contains a barrage of insults toward Ms. Morrison, all demonstrating Judge Layne Walker's overriding racial and personal hatred of Ms. Morrison. Judge Layne Walker references the judicial elections at issue involving both Ms. Morrison and her husband, the Honorable Judge Kermit Morrison. Attached as Exhibit "1" is the affidavit of Sheriff Deputy Rodney Williams, Bailiff, who confirms that Judge Layne Walker's ongoing unconstitutional and racist retaliatory actions "have been going on since Layne Walker first defeated her [Ms. Morrison] in the first election for the 252nd Criminal District Court and has continued since defeating her husband Judge Kermit Morrison in the March Primary 2006." These actions by Judge Layne Walker violate Ms. Morrison's First Amendment rights of freedom of speech and freedom of association, because Judge Layne Walker is retaliating against Ms. Morrison for campaigning against him and exercising her rights to associate with political opponents of Judge Layne Walker. His actions also violate Ms. Morrison's Fifth Amendment right to Due Process of Law, because Ms. Morrison has been deprived of any orderly legal process to prevent Judge Layne Walker from filing retaliatory grievances. Further, Judge Layne Walker's actions violate Ms. Morrison's Fourteenth

Amendment rights to Equal Protection under the law, because Judge Layne Walker is not treating Ms. Morrison equally compared to Caucasian attorneys who practice law in his Court.

10.   Judge Layne Walker falsified criminal charges against Ms. Morrison with the cooperation of the Jefferson County District Attorney Judge Tom Maness, who has personally prevented all criminal and civil investigations into Judge Layne Walker. Judges Layne Walker and Tom Maness worked together to have Ms. Morrison prosecuted for alleged perjury, when these Judges knew that Ms. Morrison did not commit perjury. Judges Walker and Maness knew these charges were false and were fabricated by them. Judge Layne Walker requested the Jefferson County District Attorney's Office to convene a grand jury to investigate these falsified perjury charges against Ms. Morrison. Based upon these fraudulent charges, Ms. Morrison was compelled to appear before the grand jury for almost five (5) hours, which was a very humiliating and degrading situation for her. The grand jury saw through this ruse and declined to indict Ms. Morrison. The County of Jefferson paid for this illegal conduct with taxpayer money. These retaliatory actions by Judges Layne Walker and Tom Maness violated Ms. Morrison's First Amendment rights of freedom of speech and

6

association, because these actions were based upon Ms. Morrison exercising her right to free speech by campaigning against Judge Layne Walker, and her freedom to associate with political opponents of Judge Layne Walker. These actions were intended to disrupt Ms. Morrison's contractual right to practice law. Further, these actions by Judges Walker and Maness violated Ms. Morrison's right to Due Process under the Fifth Amendment, because the fraudulent charges and the grand jury were orchestrated in a retaliatory manner that denied Ms. Morrison due process since the legal system was twisted to serve Judges Walker and Maness' illegal goals. Similarly, this conduct violated Ms. Morrison's right to Equal Protection guaranteed by the Fourteenth Amendment, because she was treated adversely in comparison to Caucasian attorneys practicing in the 252nd Judicial District Court.

11.   Judge Layne Walker has issued a standing order that Ms. Morrison is not allowed either in his chambers or in the public hallway outside his chambers, even though this public hallway also leads to the chambers of the Honorable Judge John Stevens. Pursuant to this unlawful and racist edict, Judge Layne Walker recently ordered an assault upon Ms. Morrison by Sheriff Deputy Anthony Barker.   Sheriff Mitch Woods is a personal

friend of Layne Walker, and they are known as "hunting buddies." The Sheriff has permitted his office and his deputies to be used by Judge Layne Walker to carry out unconstitutional and illegal actions, such as this incident at issue. Exhibit "2" is Ms. Morrison's Statement pertaining to the assault upon her by Deputy Barker, which occurred on the instructions of Judge Layne Walker. After this assault, Ms. Morrison retained Undersigned Counsel, and his Letter of Representation and Notice is attached as Exhibit "3." These actions violated Ms. Morrison's contractual right to practice law, because access to this public hallway is necessary for a criminal defense attorney practicing in Jefferson County. Further, these actions violate Ms. Morrison's First Amendment rights of freedom of speech and association, because Judge Layne Walker promulgated this policy to retaliate against Ms. Morrison for (1) exercising her free speech right to campaign against him, and (2) her right to associate with political opponents of Judge Layne Walker. Further, these actions violate Ms. Morrison's right to Due Process of Law under the Fifth Amendment, because there was no legal process and no legal grounds involved in Judge Layne Walker's unlawful edict. Finally, these actions violate Ms. Morrison's Fourteenth Amendment right to Equal Protection,

8

because this edict treats Ms. Morrison worse than comparable Caucasian attorneys practicing in the 252nd Judicial District Court.

12. Judge Layne Walker has informed Ms. Morrison that he would not allow her to practice law in the 252nd District Court. Judge Layne Walker believes the 252nd District Court belongs to him personally, instead of the citizens of Jefferson County, Texas. When Judge Layne Walker was unsuccessful with that illegal pronouncement, he did and continues to do everything he can to disrupt and harm Ms. Morrison's law practice in the 252nd District Court. Judge Walker is unprofessional, rude, vicious, and ugly toward Ms. Morrison. These actions intentionally harm Ms. Morrison's contractual right to practice law, because Judge Layne Walker's actions deter clients from hiring her, and he retaliates against the clients that retain Ms. Morrison, particularly African-American clients. Judge Layne Walker's overt prejudice and rages against Ms. Morrison when she conducts her profession in the 252nd Judicial District Court, therefore, have damaged Ms. Morrison's business. Further, this conduct violates Ms. Morrison's rights to Free Speech and Freedom of Association under the First Amendment, because Judge Layne Walker's conduct is retaliatory for Ms. Morrison exercising her free speech right to

campaign against Judge Layne Walker and her right to associate with Judge Layne Walker's political opponents. Further, these actions violate Ms. Morrison's right to Due Process under the Fifth Amendment, because there is no legal process and no legal grounds to support Judge Layne Walker's unlawful conduct. Finally, these actions violate Ms. Morrison's Fourteenth Amendment right to Equal Protection, because this edict treats Ms. Morrison worse than comparable Caucasian attorneys practicing in the 252nd Judicial District Court.

13. Judge Layne Walker has unlawfully held Ms. Morrison in contempt of Court, disregarding the protection she was entitled to under Tex. Gov't Code § 22.001. The Texas Government Code requires Judge Layne Walker to have any contempt proceedings against an attorney considered by another Judge, but Judge Layne Walker refuses to follow Texas law in this regard. Judge Layne Walker has continually engaged in judicial nullification, which is the practice of disregarding and refusing to follow the law, because Judge Layne Walker believes He is The Law. These actions by Judge Layne Walker violate Ms. Morrison's contractual right to practice law, because Judge Layne Walker is harming Ms. Morrison's ability to practice her profession. Further, this conduct violates Ms.

Morrison's rights to Free Speech and Freedom of Association under the First Amendment, because Judge Walker's conduct is retaliatory for Ms. Morrison exercising her free speech right to campaign against Judge Layne Walker and her right to associate with Judge Layne Walker's political opponents.  Further, these actions violate Ms. Morrison's right to Due Process under the Fifth Amendment, because Judge Layne Walker expressly nullified the legal protections available to Ms. Morrison. Finally, these actions violate Ms. Morrison's Fourteenth Amendment right to Equal Protection, because this conduct treats Ms. Morrison worse than comparable Caucasian attorneys practicing in the 252nd Judicial District Court.

14.     Judge Layne Walker has intentionally disrupted Ms. Morrison's relationships with courtroom personnel on an ongoing basis.  Courtroom personnel are afraid to talk to her, because they fear retaliation by Judge Layne Walker.     These actions by Judge Layne Walker violate Ms. Morrison's contractual rights to practice law, because professional relationships with courtroom personnel are necessary for the successful practice of law. This conduct also violates Ms. Morrison's rights to Free Speech and Freedom of Association under the First Amendment, because

11

Judge Walker's conduct is retaliatory for Ms. Morrison exercising her free speech right to campaign against Judge Layne Walker and her right to associate with Judge Layne Walker's political opponents. These actions violate Ms. Morrison's right to Due Process under the Fifth Amendment, because Judge Layne Walker's conduct has no basis in law. These actions also violate Ms. Morrison's Fourteenth Amendment right to Equal Protection, because this conduct treats Ms. Morrison worse than comparable Caucasian attorneys practicing in the 252nd Judicial District Court.

## LIABILITY OF THE STATE OF TEXAS AND THE COUNTY OF JEFFERSON UNDER 42 U. S. C. §§ 1981 & 1983.

15.    In accordance with the requirements of 42 U.S. C. § 1981, Ms. Morrison has pled facts demonstrating that she is the victim of intentional racial discrimination by Judge Layne Walker. Further, Ms. Morrison has pled facts demonstrating that she is the victim of retaliation by Judge Layne Walker based on her race and his personal vendetta, which violates § 1981. *See CBOCS West, Inc. v. Humphries*, 553 U. S. 442 (2008). Pursuant to the requirements of 42 U.S.C. § 1983, Ms. Morrison has pled facts demonstrating an ongoing pattern of violations of her rights

secured by the United States Constitution. Ms. Morrison has also identified the actors of the State of Texas and the County of Jefferson who performed and ratified these ongoing constitutional violations. A state actor is one acting "under color of any statute, ordinance, regulation, custom, or usage of any State..." 42 U.S.C. § 1983; *Johnson v. Dallas Independent School District*, 38 F. 3d 198, 200 (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995). Under this definition, the state actors are Judge Layne Walker, the State of Texas, and the County of Jefferson acting through facilitators Sheriff Mitch Woods and Judge Tom Maness. Judge Layne Walker has for years violated the civil and constitutional rights of Ms. Morrison and others. The State of Texas and the County of Jefferson acting through the Jefferson County Sheriff's Department and the Jefferson County District Attorneys' Office have entered into an actual meeting of the minds with Judge Layne Walker to perpetrate this ongoing pattern of constitutional and civil rights violations against Ms. Morrison. Their combined actions, and the actions undertaken alone by Judge Layne Walker with ratification by the State of Texas and the County of Jefferson, constitute an official policy, custom, or practice of these governmental entities sufficient to impose monetary liability upon them

13

for all the unlawful conduct at issue. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978).

16.   The Fifth Circuit interprets the *Monell* requirement of an official policy, custom or practice to "include persistent or widespread practices which, although not officially authorized, are 'so common and well settled as to constitute a custom that fairly represents [official] policy.'" *Muldrow v. Berthot*, No. 6:12 CV 460, 2012 W.L. 3991366 (E.D. Tex. 2012), *citing Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995).   A pattern of incidents with notice to the governmental entities can satisfy the applicable standards.   *See* authority *supra; see also Webster v. City of Houston*, 735 F. 2d 838, 841 (5th Cir. 1984); *Travis v. Texas Department of Criminal Justice*, No. 3-06-CV-1854 M, 2006 W.L. 3831221, at 2 (N.D. Tex. 2006).

17.   The State of Texas and the County of Jefferson have knowledge, both actual and constructive, that Judge Layne Walker has consistently engaged in ongoing misconduct that includes the deprivation of Ms. Morrison's civil and constitutional rights under Color of State Law, intentional discrimination based on Ms. Morrison's race, as well as entering into agreements with others (the Jefferson County District

14

Attorney Judge Tom Maness and his office, Sheriff Mitch Woods and the Jefferson County Sheriff's Office, for example) to violate the civil and constitutional rights of numerous people including but not limited to Ms. Morrison. Judge Layne Walker and the other Defendants have consistently violated Ms. Morrison's civil and constitutional rights in an ongoing pattern or scheme for up to eleven (11) years.

18. The Jefferson County Sheriff's Department, through Sheriff Mitch Woods, has facilitated Judge Layne Walker's tirade against Ms. Morrison and others. The Jefferson County Sheriff's Department's deputies have participated in unlawful, unconstitutional and racially motivated misconduct by Judge Layne Walker, described above. Despite having knowledge that many of Judge Layne Walker's actions are unconstitutional and impermissibly racially motivated against Ms. Morrison, the Jefferson County Sheriff's Office refuses to follow its oath to support and defend the laws and Constitutions of the United States and Texas, and this Office continues to support Judge Layne Walker and implement his unlawful orders.

19. The Jefferson County District Attorneys' Office through Judge Tom Maness has directly participated in some of Judge Layne Walker's

culpable acts against Ms. Morrison and others. Judge Tom Maness authorized the use of taxpayer money from the citizens of Jefferson County to work with Judge Layne Walker to fabricate criminal charges against Ms. Morrison and to convene a grand jury against her under pretenses that all Defendants knew were false and intended solely to injure and humiliate Ms. Morrison. Further, the Jefferson County District Attorney's Office has consistently blocked all criminal and civil investigations into Judge Layne Walker and the attorneys who support him, thereby empowering and enabling Judge Layne Walker to engage in further racist, unconstitutional and tortious actions.

20. The State of Texas has a custom, policy or practice of supporting Judge Layne Walker. The State of Texas has direct knowledge of Judge Layne Walker's ongoing racist and unconstitutional conduct against Ms. Morrison and others. Upon information and belief, the Texas State Commission on Judicial Conduct has received a massive amount of complaints against Judge Layne Walker, many of them complaining about Judge Layne Walker's racism. As of the date of filing this Original Complaint, however, the Texas State Commission on Judicial Conduct has not taken any formal action to remove Judge Layne Walker from the

16

bench.    To make matters worse, the Administrative Judge Olen Underwood has ratified the unconstitutional, racist and tortious actions of Judge Layne Walker against Ms. Morrison and others.    Judge Underwood's support of Judge Layne Walker has included Judge Underwood putting in writing that legitimate efforts to utilize the legal system to protect Ms. Morrison from harm by Judge Layne Walker are worthy of reprimand.  All this constitutes  acquiescence and ratification by the State of Texas of Judge Layne Walker's unlawful conduct toward Ms. Morrison and others, and therefore constitutes a custom, policy or practice of the State of Texas to support the unconstitutional, racist and tortious actions of Judge Layne Walker against Ms. Morrison.

### JUDGE WALKER IS INDIVIDUALLY LIABLE FOR MONETARY DAMAGES TO MS. MORRISON

21.    Judge Layne Walker's order that Sheriff Deputy Anthony Barker assault Ms. Morrison was a non-judicial action completely outside the scope of his jurisdiction. This order by Judge Layne Walker was not based upon any particular case lawfully assigned to the 252nd Judicial District Court, and this order was not based on Judge Layne Walker's adjudicative functions.  Every time Judge Layne Walker filed a grievance against Ms.

17

Morrison with the State Bar of Texas, he acted outside the scope of his jurisdiction pursuant to his individual and racial vendetta against Ms. Morrison. When Judge Layne Walker threatened other court staff with retaliation if they should be friendly with or have any dealings with Ms. Morrison, Judge Layne Walker engaged in conduct in his individual capacity outside the scope of jurisdiction of any particular case pending in the 252nd District Court. When Judge Layne Walker ordered that Ms. Morrison cannot be in a public hallway, he acted outside the scope of jurisdiction on any particular case pending in the 252nd District Court.

22.    One of Judge Layne Walker's favorite unconstitutional practices is his persistent referral of people he dislikes to Special Prosecutors or to the Jefferson County District Attorney's Office to fabricate phony criminal charges, and to convene a grand jury to seek an indictment for falsified criminal charges. Judge Layne Walker orchestrated false charges through the Jefferson County District Attorney's Office against Ms. Morrison, with the direct participation by Judge Tom Maness, the District Attorney who protects Judge Layne Walker and the attorneys who support him. In seeking this criminal prosecution against Ms. Morrison, Judge Layne Walker was acting outside the scope of his jurisdiction, and his actions

18

were intended to inflict the maximum possible harm upon Ms. Morrison. These actions by Judge Layne Walker and the Jefferson County District Attorneys' Office are acts of official oppression. The State of Texas and the County of Jefferson, however, pursuant to their unwritten custom and standard operating procedure not only refuse to bring Judge Layne Walker to justice, but also they ratify all of Judge Layne Walker's unlawful conduct.

### CASE LAW SUPPORTING INDIVIDUAL LIABILITY AGAINST JUDGE LAYNE WALKER

23. A judge acting in his official judicial capacity has absolute immunity from liability for judicial acts performed within the scope of his jurisdiction. *Dallas County v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002). The United States Supreme Court holds that judicial immunity extends to judge's judicial actions. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). The inquiry for judicial immunity is whether the judge's questioned act was undertaken in the course and scope of his adjudicative role over cases or other proceedings assigned to his or her court. Judges are not immune from suit, however, when they undertake non-judicial actions, which are those actions not done in the judge's official

19

adjudicative capacity, or those actions taken in the absence of the judge's court's jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

24. The United States Supreme Court in *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 5, 8 (1988), discussed the distinction between "judicial" versus "non-judicial" acts, for which a judge's culpable conduct leads to individual liability. The Supreme Court focused on the nature of the judge's act at issue. The Court inquires whether the questioned act is a function normally performed by a judge, as contrasted with an administrative, legislative, or executive function that a judge may be called to perform as a result of his position or otherwise.

25. Non-judicial acts include all those acts not associated with a judge's normal duties. Stated another way, a judge's actions unrelated to the ongoing adjudication of a matter lawfully pending in the judge's court constitute non-judicial acts. The *Forrester* Court provided several examples of non-judicial acts for which individual liability applies: (1) selecting jurors for the county's courts; (2) promulgating and enforcing a code of conduct for attorneys; and (3) making personnel decisions regarding court employees and officers. *Forrester*, 484 U.S. 228-30.

26. The seminal Fifth Circuit decision regarding a judge's personal

liability for acts outside of the scope of his jurisdiction is *Harper v.
Merckle*, 638 F.2d 848 (5th Cir. 1981), *cert. denied*, 454 U.S. 816 (1982).
The Fifth Circuit held a judge did **not** have immunity for any conduct that
is not a judicial act. In *Harper*, the plaintiff instituted a civil rights action
against Judge Merckle under 42 U. S. C. § 1983.  The case involved an
underlying divorce proceeding.   The plaintiff went to tender a child
support payment, and Judge Merckle was present in the office. The judge
entered the office not dressed in a formal robe, and asked the court clerk
to retrieve the case file from the clerk's office. The judge claimed he was
trying to clear up a rumor about an outstanding contempt violation
against the plaintiff, stating he was attempting to "help" the plaintiff.
The judge then began a conversation with the plaintiff about his child
support check, questioned plaintiff over his address, the post office box,
etc. The judge then swore the plaintiff in to give testimony. The plaintiff
turned around to leave, and the judge sent the court bailiff to retrieve the
plaintiff.  The judge ordered the arrest of the plaintiff, who was frisked
and hand-cuffed. The judge then held his own contempt proceeding in his
chambers. 638 F.2d at 852. After, the judge placed the plaintiff in a small
room to await transportation to jail.  The plaintiff was threatened with

physical harm while in custody.

27.     The Fifth Circuit provided a lengthy discussion of judicial immunity, based upon the United Stated Supreme Court authority. The Fifth Circuit also discussed several decisions distinguishing between a "judicial act" and a "non-judicial act." 638 F.2d 858-859 (citing Fifth Circuit cases).  The Court held that personal liability attaches to a judge for actions occurring outside the scope of his jurisdiction.  The Court opined that Judge Merckle was exercising a "normal judicial function" by holding a contempt hearing and by swearing in the plaintiff.  The Court found that Judge Merckle could be held individually liable, however, because his actions "centered around the domestic problems of one of the Judge's friends, Harper's former wife."  The Court found that Judge Merckle abused normal judicial powers and his ill-motives were outside the scope of a judicial proceeding and therefore exceeded the scope of his jurisdiction.  The Fifth Circuit held:

> Succinctly stated, we hold only that when it is beyond reasonable dispute that a judge has acted out of personal motivation and has used his judicial office as an offensive weapon to vindicate personal objectives, and it further appears that no party invoked the judicial machinery for any purpose at all, then the judge's actions do not amount to "judicial acts." These nonjudicial acts, to state the obvious, are not cloaked

with judicial immunity from suit under § 1983.  638 F.2d at 859.

There is also Texas authority following this same logic in distinguishing between immune acts and non-immune acts of a judge.  The Houston Court of Appeals explained that "[j]udicial acts include those performed by judges involving adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts." *Twilligear v. Carrell*, 148 S.W.3d 502, 505 (Tex. App. - - Houston [14th Dist.] 2004, pet. denied).

28.    Judge Layne Walker's numerous unconstitutional, racist and tortious actions against Ms. Morrison involved using his authority as a judge "as an offensive weapon to vindicate personal objectives." None of Judge Layne Walker's vindictive actions pled in this Complaint are based upon him actually adjudicating a case in his court.  Judge Layne Walker has a long-standing pattern and practice of using his authority as an offensive weapon to perpetrate unlawful actions.

29.    In addition to Fifth Circuit cases, there are other cases finding no judicial immunity.  Many of these cases involve circumstances similar to Ms. Morrison's situation.  In *King v. Love*, 766 F. 2d 962 (6th Cir. 1985), *cert. denied*, 474 U. S. 971 (1985), the Sixth Circuit held that although

23

setting a bond on an arrest warrant is a judicial act, the judge was not immune when the judge deliberately misled the police officer who was to execute the warrant about the identity of the person sought. That is, the judge tried to institute criminal proceedings against the wrong person, and these actions were deliberate. In this case, Judge Layne Walker, with the help of Judge Tom Maness and the Jefferson County District Attorneys' Office, tried to institute false criminal charges against Ms. Morrison, and wasted taxpayer money convening a grand jury under fraudulent pretenses. There is no judicial immunity for that misconduct.

30.    In *Morrison v. Lipscomb*, 877 F.2d 463 (6th Cir. 1989), the Sixth Circuit held that a state court judge was not entitled to judicial immunity for an order declaring a moratorium on issuance of writs of restitution, because the judge was acting in an administrative capacity. In *Sevier v. Turner*, 742 F.2d 262 (6th Cir. 1984), the court found individual liability against a juvenile court judge for his initiation of criminal prosecution and civil contempt proceedings against a father for his child support arrearage. The judge in that case acted unilaterally and instituted the proceedings instead of adjudicating a matter that was lawfully assigned to him. In *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298

24

(9th Cir. 1988), the Ninth Circuit held that a receiver appointed by a state court to manage the business assets of an estate was not immune from allegations that he stole assets or slandered the parties, since those actions were not judicial in nature, but instead were the receiver's intentional torts. In *Harris v. Harvey*, 605 F.2d 330 (7th Cir. 1979), *cert. denied*, 445 U. S. 938 (1980), the Seventh Circuit held that repeating communications to the press and city officials that were critical of a police lieutenant, and the improper instigation of criminal proceedings against that lieutenant by a judge were not judicial acts. The judge in that case, therefore, had no immunity from monetary liability.

31.    Virtually every action at issue perpetrated by Judge Layne Walker against Ms. Morrison is a non-judicial act outside the scope of his jurisdiction, including but not limited to: (1) seeking false criminal charges against her; (2) impaneling a grand jury against her under fraudulent pretenses; (3) filing grievances with the Texas State Bar to try to revoke her law license; (4) issuing an arrest or removal order authorizing an assault by Jefferson County Sheriff Deputy Barker when Ms. Morrison was in a public hallway; and (5) threatening others with retaliation in order to harm Ms. Morrison's professional relationships with court

personnel. There was not and is no pending proceeding lawfully assigned to the 252nd Judicial District Court that forms the basis of any of these unlawful actions. Therefore, in addition to seeking liability under 42 U.S.C. §§ 1981 and 1983 against the State of Texas and the County of Jefferson under *Monell* and its progeny, Ms. Morrison is also seeking individual monetary liability against Judge Layne Walker for these actions under §§ 1981 and 1983, and for the pendent Texas tort claims, set forth below.

## CAUSES OF ACTION AND DAMAGE CLAIMS

33.    Plaintiff Stella Morrison asserts this lawsuit pursuant to 42 U.S.C. §§1981 & 1983. Judge Layne Walker is a state and county actor, and he has violated the constitutional and civil rights of the Plaintiff in an ongoing basis, pursuant to an ongoing scheme due to his racial prejudice and pursuant to a custom, practice and standard operating procedure of the State of Texas and the County of Jefferson (with the active involvement of the Jefferson County Sheriff's Department and the Jefferson County District Attorneys' Office). The complicity, ratification and facilitation by the State of Texas and the County of Jefferson are so wide-spread and persistent that they constitute a custom that fairly

represents official policy of both the State of Texas and the County of Jefferson. The three Defendants have acted jointly, with a unity of purpose and with collective action, justifying the imposition of joint and several liability against all three Defendants. These Defendants have caused Ms. Morrison substantial damages.

34. Pursuant to §§ 1981, 1981a and 1983, Plaintiff seeks to recover against Judge Layne Walker, the State of Texas and the County of Jefferson all of her compensatory or actual damages for all her economic and non-economic harm that have been caused by these ongoing violations of §§ 1981 and 1983. Ms. Morrison's economic damages are her financial or economic losses in the past, present and future, that include but are not limited to loss of revenue and profits, loss of goodwill, loss of business, and other economic losses to be demonstrated at the time of trial. Ms. Morrison also seeks to recover against these three Defendants all her non-economic losses for her mental anguish and loss of enjoyment of life in the past, present and future. Plaintiff seeks $1,000,000.00 for her past, present and future compensatory damages from the State of Texas, $1,000,000.00 for these damages from Judge Layne Walker individually, and $1,000,000.00 for these damages from the County of Jefferson, for a

total of $3,000,000.00 in compensatory damages, to be adjudicated jointly and severally against these Defendants.

35.    Sections 1981, 1981a and 1983 also authorize the recovery of punitive or exemplary damages against state or local officials in their individual capacity, for conduct that the fact-finder finds to be malicious, intentional, recklessly or callously indifferent to a plaintiff's constitutional rights.    *Smith v. Wade*, 461 U.S. 30 (1983).   In order to recover punitive or exemplary damages, the jury need not find the conduct at issue was "outrageous" or "extraordinary," even though Judge Layne Walker's misconduct certainly is outrageous and extraordinary.    *Id.; Kolstad v. American Dental Ass'n*, 527 U.S. 526, 535-36 (1999). Based upon these standards, Ms. Morrison seeks the imposition of punitive or exemplary damages against Judge Layne Walker individually in an amount to be set by the jury to punish this wrongdoer fully and to deter any future misconduct either by him or by any other corrupt public official in Jefferson County, Texas. While the amount  awarded as punitive or exemplary damages is solely within the jury's discretion, Plaintiff requests the jury consider an award of punitive or exemplary damages against Judge Layne Walker, individually, in an amount of at least ten (10) times

the compensatory or actual damages awarded by the jury. The breach of public trust and blatant misuse of power by Judge Layne Walker against Ms. Morrison and others merit a strong punitive response. Plaintiff requests the jury make an example of Judge Layne Walker to punish and deter him, and in the process send a message to the Jefferson County legal system that this type of conduct will no longer be tolerated by law-abiding citizens.

36.    Plaintiff also sues Judge Layne Walker individually for negligence in failing to control his own behavior toward Ms. Morrison. This negligence proximately caused actual harm or damage to Ms. Morrison. Judge Layne Walker was negligent by failing to uphold and follow the standard of behavior for a duly elected judge in the State of Texas. Judge Layne Walker has a duty toward Ms. Morrison to conduct himself properly as a Judge, which duty Judge Layne Walker repeatedly breaches.

37.    Further, Plaintiff sues Judge Layne Walker for gross negligence and negligence per se, due to Judge Layne Walker's grossly negligent conduct against her and his repetitive violations against Ms. Morrison of (1) the Texas Code of Judicial Conduct, and (2) the Texas Penal Code. Plaintiff contends that Judge Layne Walker is grossly negligent per se for (1)

ordering an assault upon Ms. Morrison carried out by the Jefferson County Sheriff's Department, in violation of Texas Penal Code §§ 14.03, and (2) his numerous ongoing acts of official oppression against Ms. Morrison, in violation of Texas Penal Code § 39.03. Ms. Morrison also sues Judge Layne Walker for gross negligence per se for violating the following Canons of the Texas Code of Judicial Conduct: (1) Canon One, which is Upholding the Integrity and Independence of the Judiciary; (2) Canon Two, which is Avoiding Impropriety in All of the Judge's Activities; (3) Canon Three, which is Performing the Duties of Judicial Office Impartially and Diligently; (4) Canon Four, which is Conducting the Judge's Extra-Judicial Activities to Minimize the Risk of Conflict with Judicial Obligations; and (5) Canon Five, which is Compliance with the Code of Judicial Conduct. Judge Layne Walker's oppressive conduct toward Ms. Morrison has violated these Judicial Canons openly and in an ongoing basis, with the knowledge and support of the State of Texas and the County of Jefferson. Judge Layne Walker's tortious conduct also constitutes gross negligence per se by violating (1) Ms. Morrison's civil rights under 18 U.S.C. § 241, and (2) Ms. Morrison's civil rights under Color of State law, in violation of 18 U.S.C. § 242. All these actions by

Judge Layne Walker have proximately caused Ms. Morrison actual damages, as set forth and enumerated above. Further, these Texas state law torts have been perpetrated by Judge Layne Walker maliciously and with a specific intent to harm Ms. Morrison, justifying the imposition of punitive or exemplary damages against Judge Layne Walker in an amount set forth above. Ms. Morrison seeks to hold Judge Layne Walker individually liable for all her compensatory damages proximately caused by Judge Layne Walker's negligence and gross negligence per se. Ms. Morrison also seeks the imposition of punitive damages based on this same misconduct.

38.    Additionally, Ms. Morrison sues Judge Layne Walker individually for the pendent Texas state torts of tortious interference with business relationships, defamation and defamation per se, and intentional infliction of emotional distress. These Texas state law torts perpetrated by Judge Layne Walker against Ms. Morrison have proximately caused her actual damages, set forth above. Further, these Texas state law torts have been perpetrated by Judge Layne Walker maliciously and with a specific intent to harm Ms. Morrison, justifying the imposition of punitive or exemplary damages against Ms. Morrison in an amount set forth above. Plaintiff

seeks recovery of her compensatory damages and the imposition of punitive or exemplary damages against Judge Layne Walker for this misconduct at issue, in the amounts set forth above.

## ATTORNEYS' FEES, COSTS AND EXPENSES

39. Ms. Morrison seeks to recover all attorneys' fees, costs and expenses pursuant to 42 U.S.C. §§ 1981, 1981a and 1983. Plaintiff has employed Undersigned Counsel, who is Board Certified by the Texas Board of Legal Specialization in Civil Trial Law. Plaintiff has retained the Morgan Law Firm on a standard 40% contingent fee basis, plus recoupment of all the Morgan Law Firm's costs and expenses incurred in prosecuting this cause of action. Pursuant to the Lodestar methodology, Plaintiff shall provide proof of attorneys' fees and expenses itemized on a hourly basis, at the rate of $450.00 per hour. Plaintiff anticipates that hourly attorneys' fees, costs and expenses incurred through a trial of this case could reasonably reach $350,000.00 or more. For making or responding to any necessary appeal to the United States Court of Appeals for the Fifth Circuit, Plaintiff seeks attorneys' fees, costs and expenses in the amount of $75,000.00 for the initial appellate brief and oral argument, and $35,000.00 for any necessary motions for rehearing or rehearing en banc,

conditioned upon success on appeal.  Further, for making or responding

to a Petition for Certiorari to the United States Supreme Court, Plaintiff

seeks an additional $75,000.00, conditioned upon success before the

United States Supreme Court.

40.    Plaintiff also requests an enhancement to the award of attorneys'

fees for prosecuting this cause of action. *See Perdue v. Kenny A*, 559 U.S.

542 (2010).    Ms. Morrison's attorney, Undersigned Counsel, has

experienced ongoing retaliation orchestrated by Judge Layne Walker , his

protectors in the Provost Umphrey law firm and others, for (1)

representing Ms. Morrison and (2) opposing unlawful conduct.    For

example, Judge Layne Walker filed a retaliatory grievance against

Undersigned Counsel based on his representation of Ms. Morrison.

Undersigned Counsel reasonably anticipates, based upon the extensive

history of ongoing official oppression and retaliation, this retaliatory

conduct will continue and intensify, in an attempt to bully Undersigned

Counsel and Ms. Morrison into dismissing this cause of action.

Accordingly, due to the specter of more retaliation against both Ms.

Morrison and her attorney, an enhancement of attorneys' fees should be

consider by the Court in this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein.  Plaintiff requests that she obtain a Judgment against all three Defendants, and that Plaintiff recovers from all three Defendants jointly and severally her compensatory damages.  Plaintiff requests that she recover punitive or exemplary damages against Judge Layne Walker individually.  Plaintiff also requests that she recover all her reasonable and necessary attorneys' fees, court costs and expenses, and an enhancement for her attorneys' fees.  Finally, Plaintiff requests such other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

*/s/ John S. Morgan*
JOHN S. MORGAN
TBA#14447475
Morgan Law Firm
2175 North Street, Suite 101
Beaumont, Texas 77701
(409) 239-5984
(409) 835-2757 facsimile
Attorney for Plaintiff

## JURY DEMAND

Plaintiff herein hereby requests a trial by jury.

*/s/ John S. Morgan*
JOHN S. MORGAN

# EXHIBIT "1"

## AFFIDAVIT OF FACT

On April 19, 2006, I was working as Bailiff in the 252nd Criminal District Court. Judge Layne Walker was the Presiding Judge. At the time, Judge Walker was calling the trial docket, and on this docket were about 15 to 20 cases set for trial that day. Among the defendants was Peter Tran, and his attorney at first was Donald Moye, who wanted to be taken off the case. Stella Morrison wanted to be Peter Tran's attorney for record. Judge Walker allowed the substitution after admonishing Mrs. Morrison to be ready for trial and that Mr. Tran's case would probably be reached that day. He then asked her if she would be ready to go to trial that day. Mrs. Morrison stated she was ready and would be ready to go to trial if Mr. Trans case was reached.

Judge Walker then released Donald Moye, Atty, from Mr. Trans case. Sometime during that morning, Mrs. Morrison walked behind the courtroom towards the Judges chambers. From prior instruction from Judge Walker, I knew Ms Morrison was not allowed in Judges Chambers or administrative offices. I believe we were on recess at the time, and I was doing my duties as bailiff, when Tiffani Decuir, Clerk came to courtroom and told me Judge needed me in his chambers. I went to the Judge's chambers to find Mrs. Morrison in chambers arguing over not being allowed in chambers or in his office.

At the time, Judge was sitting at his desk and asked me to escort Mrs. Morrison out of his chambers and out of his office. Mrs. Morrison continued to argue with Judge Walker while I escorted her out of the office. When Mrs. Morrison exited the office, she told me she was going to Judge Carver's office. Mrs. Morrison continued to grip about not being allowing in Judge Walker's office. I again warned Mrs. Morrison not to enter chambers or office. Mrs. Morrison has on more than one occasion attempted to draw me into arguments and altercations with her about her indifference with Judge Walker. I simply told her she needed to take it up with Judge Walker. Mrs. Morrison has had major attitude with Judge Walker's staff up to the point of being rude and discourteous.

The problems with Mrs Morrison have been going on since Judge Walker first defeated her in the first election for the 252nd Criminal District Court and has continued since defeating her husband Kermit Morrison in March Primary 2006.

I have personally witnessed all of the above statements and all are true and correct to the best of my knowledge.



RODNEY WILLIAMS
BAILIFF, 252ND CRIMINAL
DISTRICT COURT

Subscribed and sworn before me on the 17th day of July, 2006

DEBBIE USOFF
Notary Public State of Texas
Commission Expires
MARCH 9, 2009

NOTARY PUBLIC

# EXHIBIT "2"

Affidavit

State of Texas                                    Date: March 21, 2013
County of Jefferson                               Time: 10:45 a.m.

Before me, the undersigned authority in and for the State of Texas, personally appeared Stella Marie Morrison who after being duly sworn deposes and says my date of birth is 08/27/1947 and I am 65 years old. My home address is 4231 lakeshore Dr. Port Arthur, Texas 77642 and my home phone number is (409) 982-3019. I am currently employed as a local attorney in Port Arthur, Texas.

I am giving this statement to Lieutenant Randy Walston of the Internal Affairs Division

On Tuesday March 19, 2013, I was in the Jefferson County Courthouse conducting business, when I was approached by Ann, I don't know her last name, but she works in the District Court Coordinators Office. Ann handed me a letter regarding a Writ from Ed Tanner and she asked me to sign it saying that I received it. I told her that I needed to speak with Ed Tanner, who is an assistant to Judge Walker. Ann then walked me back to the District Court Offices. She opened the secure door that leads to Judge Walker and Judge Stevens office's and closed it behind her.

While standing at the door, Glenda Segura, who is the head coordinator, walked out of her office and said why are you standing out here. I told her that was waiting to see Ed Tanner. Segura then opened the secure door and escorted me in. I then walked over to Ed Tanner's office and saw that he was on the phone. I then knocked on the glass to let him know I was there. Ed Tanner waved at me with his hands, in such a manner as to tell me to go away. It was at this moment that Tony Barker, who is Judge Walker's bailiff, started yelling at me, "You got to go". I said, why do I have to go? Barker said, "Judge Walker doesn't want you back here, you got no business being back here". Barker then grabbed me by left arm and spun me around and grabbed the right side of my waist and started pushing me. At one point, Barker tried to pick me up to push me out the door. The door was opened by other officers, who heard the commotion. I tried to explain to the other officers that barker had assaulted me. I was very upset and they all attempted to calm me down. Doug Boyd and other officers then escorted me to Mitch Woods Office. I told the Sheriff the whole story. The Sheriff then stated that he would set a time to speak to Internal Affairs.

I feel that Tony Barker is very rude and this is not the only time that he has done this to me. I feel that he should not be a bailiff and should be sanctioned or fired for his conduct.

I have read the above statement and it is true and correct to the best of my knowledge.

_____
Affiant

Sworn and subscribed before me on this 21st day of March,  2013.

_____
Notary Public

MARCUS S. McLELLAN
Notary Public State of Texas
Commission Expires
DECEMBER 17, 2013

# EXHIBIT "3"

# MORGAN LAW FIRM
## ATTORNEYS AT LAW

**JOHN S. MORGAN, P.C.**
*BOARD CERTIFIED CIVIL TRIAL LAW*
*Texas Board of Legal Specialization*

**ANDREA GUIDRY**
*OFFICE MANAGER/LEGAL ASSISTANT*

2175 North Street, Suite 101
Beaumont, Texas 77701

Telephone: (409) 239-5984
Facsimile: (409) 835-2757
E-Mail: jmorgan@jsmorganlaw.com
aguidry@jsmorganlaw.com

March 22, 2013

## LETTER OF REPRESENTATION AND NOTICE, REQUEST FOR INFORMATION AND SPOLIATION WARNING

Honorable Judge Tom Rugg
Civil District Attorney, Jefferson County
1001 Pearl Street, 3rd Floor
Beaumont, Texas 77701

Via Certified Mail

Judge Layne Walker
252nd Judicial District Court
1001 Pearl Street
Beaumont, Texas 77701

Via Certified Mail

Sheriff Mitch Woods
1001 Pearl Street
Beaumont, Texas 77701

Via Certified Mail

Honorable Mayor Becky Ames
The City of Beaumont
801 Main Street
Beaumont, Texas 77701

Via Certified Mail

Honorable Greg Abbott
Texas Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

Via Certified Mail

Re:Representation and Notice letter pursuant to Tex. Civ. Prac. & Rem. Code
   Section 101.101, and 42 U.S.C. Sections 1981 & 1983.

Dear Sir or Madam:

   This is a Letter of Representation and Notice, on behalf of Ms. Stella Morrison, Esq.,
for her claims against Judge Layne Walker, Sheriff Deputy Anthony Barker, the County of
Jefferson, The City of Beaumont, and the State of Texas, for a physical assault and ongoing
civil rights violations perpetrated against her by Judge Layne Walker, with the knowing
participation of the Jefferson County Sheriff's Department.

### BACKGROUND

   On Tuesday, March 19, 2013, Ms. Morrison was lawfully engaged in her profession
as a licensed attorney. She went to speak to Mr. Tanner about a legal matter she was
involved in. In the process, Ms. Morrison went into the corridor that leads to the offices of
the Honorable Judge John Stevens and Judge Layne Walker.

   When Ms. Morrison was in this corridor, Judge Layne Walker's bailiff, Sheriff
Deputy Anthony Barker, insisted that Ms. Morrison leave immediately. Deputy Barker
informed her that Judge Walker has ordered that Ms. Morrison must be arrested (without any
charges) anytime she is in that corridor or otherwise comes close to Judge Walker's
chambers. Deputy Barker then physically assaulted my client without any provocation, until
such time as other Deputies arrived and took Ms. Morrison to meet with Sheriff Woods.

   In addition to this incident, Judge Walker has terrorized and targeted Ms. Morrison
as part of Walker's unlawful crusade against African-Americans and the attorneys who
advocate for the rights of African-American criminal defendants. Ms. Morrison shall provide
testimony that Judge Walker has done everything he can to harass, disrupt, and terrorize Ms.
Morrison for many years.

### NOTICE OF INTENTION TO FILE A LAWSUIT FOR MS. MORRISON'S DAMAGES AND FOR INJUNCTIVE RELIEF

   Judge Layne Walker is well-known for his pattern of lawlessness, racism, vindictive
behavior and abuse of power. Throughout his reign of terror on the bench, Judge Walker's
unlawful conduct has been supported by the County of Jefferson and the State of Texas,
which such governmental agencies have full knowledge of Judge Walker's pattern and
practice of deliberate, unlawful misconduct. These governmental entities protect this Judge
with full knowledge of his unlawful conduct, and thereby these governmental entities have
adopted a clear pattern and practice of ratifying Judge Walker's ongoing civil rights
violations, as that term is defined under 42 U.S.C. Sections 1981 & 1983. Further, Judge

Walker's ongoing misconduct has been supported by both the Jefferson County Sheriff's Office and the City of Beaumont Police Department, who cooperate with Judge Walker by implementing his unlawful policies and directives.

On behalf of my client, Ms. Stella Morrison, Esq., I am hereby providing written notice of her claims. I am advising each of you of my intention to pursue a lawsuit on my client's behalf against the relevant governmental entities, Judge Layne Walker individually for tortious conduct outside the scope of his judicial jurisdiction, and also Deputy Barker. I shall seek for my client the recovery of all her actual and punitive damages, in the discretion of the jury, as well as all attorneys' fees and expenses. I shall also seek an injunction against Judge Layne Walker, Deputy Barker, and the Jefferson County Sheriff's Department, to enjoin permanently any further unconstitutional or unlawful conduct.

## REQUEST FOR INFORMATION AND SPOLIATION WARNING

Please produce to me a complete copy of the videotape of the incident at issue, including but not limited to Deputy Barker's assault upon my client. I am also requesting that you produce any and all incident reports, witness statements, or other documents or tangible items pertaining to this matter. Please produce these materials to me at my above-stated address within seven (7) business days after receipt of my correspondence.

**You are each required under both federal and state law to safeguard and preserve any and all evidence of this occurrence, including but not limited to the videotape at issue, any incident reports, witness statements, etc. If any evidence is destroyed or becomes "missing," then I shall seek and obtain a spoliation instruction from the Court at the time of trial.**

## REQUEST FOR A FEDERAL INVESTIGATION

There have been a plethora of complaints against Judge Layne Walker for many years. His reign of terror on the bench has resulted in countless victims, and almost every day results in more civil rights violations. Therefore, I am respectfully requesting a federal investigation into Judge Walker's treatment of Ms. Stella Morrison and Deputy Barker's assault upon her, as well as into Judge Walker generally and the local law enforcement agencies and attorneys that might have participated in unlawful activities.

In the eyes of Judge Walker, Ms. Stella Morrison, Esq., is guilty of the crime of being an African American attorney who believes that African American defendants in criminal court deserve the same legal and constitutional protections as Caucasian defendants.

3

## CONCLUSION

I look forward to receiving the information and materials I have requested.   I am available if any of you are willing to discuss an amicable resolution for this matter.

I appreciate your attention to this.

Very truly yours,

JOHN S. MORGAN

JSM/ag

cc:   The Texas State Commission on Judicial Conduct            via regular mail
      300 West 15th Street, No. 415
      Austin, Texas 78701

      United States Attorneys' Office                          via regular mail
      Eastern District of Texas
      Attn: Honorable Robert Hobbs
      350 Magnolia Avenue
      Beaumont, Texas 77701

4