IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| STELLA MORRISON | § | |
| | § | |
| v. | § | NO. 1:13-CV-327 |
| | § | |
| LAYNE WALKER, JEFFERSON | § | |
| COUNTY, TEXAS, AND THE STATE | § | |
| OF TEXAS | § | |

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR LEAVE TO FILE AN AMENDED COMPLAINT

This case is before United States Magistrate Judge Zack Hawthorn for all matters, including trial and judgment, pursuant to the consent of the parties. (See Doc. Nos. 7, 9, 10, 12); see also 28 U.S.C. § 636(c); FED. R. CIV. P. 73. Pending before the court is the "Plaintiff's First Amended Opposed Motion for Leave to file a New Version of Morrison's First Amended Complaint" filed by the Plaintiff, Stella Morrison. (Doc. No. 46.) Defendant Layne Walker ("Walker") opposes Morrison's motion (Doc. No. 48) and Defendant Jefferson County did not file an opposition.

In this civil rights action, Morrison brought causes of action pursuant to 42 U.S.C. §§ 1981 and 1983 alleging that Defendants Layne Walker and Jefferson County violated her rights in at least five ways. Walker moved to dismiss Morrison's case, primarily arguing that he was immune from suit since the acts that Morrison complained about occurred while he was acting in his judicial capacity. (Doc. No. 4.) The court agreed, and dismissed Morrison's claims against Walker. (Doc. No. 32.) Moreover, the court found that, with the exception of her claim relating to alleged "fabrication of criminal charges," repleading would be futile. Morrison was allowed to replead *only* her fabrication of criminal charges claim, and the court outlined seven questions to help guide her in this endeavor. (Id. at p. 16) ("However, at this time, it does not appear that

Morrison's claims concerning the fabrication of the criminal charges are patently frivolous or that an amendment could not cure their defects. Therefore, Morrison is directed to replead these claims with the requisite particularity . . . .").

Morrison seeks leave to file an amended complaint that offers additional facts, as well as add two new defendants. To the extent that Morrison seeks to offer a more detailed factual recitation of the events and add new defendants, Morrison's motion for leave is granted. However, it appears that Morrison may be attempting to revive claims against Walker that have already been dismissed. For example, in her motion for leave, Morrison states that she has "clarified the facts pertaining to her allegations regarding Walker's order for Deputy Barker to use force to remove Morrison from the hallway, Walker's filing of grievances, and other factual matters in this Amended Complaint. Morrison has also addressed the Ballard v. Wall factors for each of those allegations as well." (Doc. No. 46.) Because these additional facts may be pertinent to Morrison's claims against the remaining defendants, the court will allow her leave to file her amended complaint. However, Morrison cannot evade this court's prior order dismissing her claims through an amended complaint. Therefore, the *only* live claim against Walker is the one relating to his alleged filing of false charges.

Walker is opposed because he "is concerned about a never-ending cycle of amendments, 'new' facts, and new defendants" and that "Morrison's new, proposed First Amended Complaint falls woefully short of clarifying the circumstances that allegedly led to 'false' criminal charges . . . ." (Doc. No. 48, p. 3.) In other words, Walker opposes allowing Morrison to file an amended complaint because ultimately, according Walker, it fails to meet the relevant pleading standards. This argument, however, is better raised in a motion to dismiss. By granting leave to file an amended complaint, the court is not passing judgment on whether Morrison's claims have

merit or will survive a motion to dismiss. Moreover, should Walker believe that Morrison's amended complaint runs afoul of Rule 11, Walker can raise this via a separate motion for sanctions. FED. R. CIV. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion . . . .").

Accordingly, Morrison's "First Amended Opposed Motion for Leave to file a New Version of Morrison's First Amended Complaint" (Doc. No. 46) is **GRANTED**.

SIGNED this 20th day of October, 2014.

Zack Hawthorn
United States Magistrate Judge