UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| STELLA MORRISON | § | |
| | § | |
| VS. | § | CASE NO. 1:13-CV-00327 |
| | § | |
| JUDGE LAYNE WALKER, THE COUNTY | § | Honorable Zack Hawthorn |
| OF JEFFERSON, TEXAS, AND THE | § | |
| STATE OF TEXAS | | |

**<u>Defendant Layne Walker's Opposition to Plaintiff's Motion to File Sealed Motion</u>**

Comes now Defendant, Layne Walker, and respectfully files this *Defendant Layne Walker's Opposition to Plaintiff's Motion to File Sealed Motion*, and would respectfully show unto this Honorable Court as follows:

**I. Factual and Procedural Background**

"Plaintiff Stella Morrison originally filed this lawsuit against Judge Layne Walker ("Defendant Walker") and others claiming Section 1983 violations and various other things. Mrs. Morrison accuses Defendant Walker of being a racist intent on destroying her legal career. This Honorable Court dismissed all those claims except for her claims that Defendant Walker, along with others, "fabricated perjury charges" against her. Defendant Walker respectfully maintains his objection to her recently filed amended complaint as failing to factually—and specifically—plead such fabrication charges in compliance with this Court's order. However, such is probably not directly at issue here. Instead, Mrs. Morrison and her counsel plead specifically about her counsel's prior criminal history, placing it directly at issue in this case." As part of his lengthy complaint, Plaintiff's counsel intentionally interjected himself—and his criminal history—directly into this controversy. Specifically, Plaintiff sought leave to amend to

1

plead this about his own counsel and Phillip Klein, claiming they subjected to "false charges" and "false criminal prosecution:"

> For example, **Walker targeted** Stephen Hartman's professional licenses, **Walker targeted Mr. Philip Klein by seeking an indictment on false charges to suspend Klein's professional licenses, and Walker (and several others) targeted Undersigned Counsel with multiple attempts at indictment** and the formation of a grievance committee to revoke or suspend the Undersigned's law license.

*Morrison Amended Complaint*, at p.6 (emphasis added).

Indeed, Plaintiff pleads it a second time:

> The reality is that **Walker and Maness have for years targeted people for false criminal prosecution** based upon their personal and political motives. This includes not only Morrison, but also Stephen Hartman, former Beaumont Police Officer Heilman, former Beaumont Police Officer Beaulieu, **Mr. Philip Klein, Undersigned Counsel and others.**   The attempts by Walker and Maness to have Morrison indicted and prosecuted had absolutely nothing to do with Walker's role as a judge, but was based upon Walker's normal practice of abusing his status and using the allegiance of Maness to try to destroy the lives of persons Walker perceived to be his political enemies, such as Morrison.

*Morrison Amended Complaint*, at p.10 (emphasis added).  Those aren't the only places Plaintiff's counsel interjected himself into the pleadings with specific reference to his criminal past:

> **Later, all Defendants (except Barker) tried to indict Morgan to prevent the continued prosecution of this civil rights case.** There should be no judicial immunity for that misconduct.

*Id.*, at p.29 (emphasis added).  And he did it yet a fourth time—again, specific to his criminal history—claiming Defendant is responsible for "attempting to indict Morrison's attorney to prevent prosecution of this civil rights case." *Id.*, at p.30.  In short, Plaintiff's counsel knowingly injected himself into these proceedings by *specifically* pleading about his own criminal history and, as it turns out, falsely accusing Defendant Walker for his problems.  Plaintiff and his counsel now want to conceal this and, apparently, other facts that directly refute what they

specifically plead.  Such would be an abuse of the judicial process, not to mention a complete warping of the sealing process and its *proper* purposes.

## II.     Defective Motion to Seal

In the *Plaintiff's Motion for Leave to Permit the Filing of a Motion Under Seal* [Dkt.89], Plaintiff, in a three-sentence motion that cites no authority, asks to seal a motion "for the reasons set forth in this Sealed Motion, which deals with confidential matters that legally cannot be disclosed to the public." *Id.*, at p.1, para.1.  Plaintiff provides no argument or authority to seal the secret motion, and instead merely incorporates his sealed motion.[1]  Defendant Walker already responded to that motion, and won't re-hash those arguments here.  Suffice to say that this criminal-court order nowhere "seals" the record, nor does the cited statute apply outside of law enforcement.  Assuming that motion is the same, previously filed motion Plaintiff now seeks to withdraw, Defendant Walker rejects the shotgun blast notion that the entire motion "deals with confidential matters that legally cannot be disclosed to the public." *Id.*  The motion deals with Plaintiff's counsel's plea of no contest to filing a false police report.  As noted in *Defendant Layne Walker's Response to Plaintiff's Opposed Motion to Strike Defendant Layne Walker's Second Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6)*, none of that law applies to Defendant Walker or his counsel who are not "law enforcement;" indeed, nowhere in that order does the word "seal" even appear.  Regardless, at present, Defendant Walker already pointed out that none of Plaintiff's cited "authority" in the motion even applies, let alone says what Plaintiff contends.  Plaintiff's motion to seal is itself devoid of any facts, let alone authority.  Controlling caselaw forbids all this secrecy-begetting-secrecy judicial abuse anyway.

## III.    The "Strong Presumption" Against Sealing Documents

*A. Strong Presumption Against Sealing Court Documents*

---

[1] The undersigned sent a request for the pleading on November 3, 2014.

Plaintiff fails to cite any authority for sealing his entire motion.  However, there's plenty of it.  Just this year, the Eastern District of Texas, Marshall Division, wrote about the strong presumption against sealing court records.  Justice Bryson:

> "In determining whether to restrict the public's access to court documents, the court must 'weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts.'" *In re Violation of Rule 28(d)*, 635 F.3d at 1357 (quoting Nixon, 435 U.S. at 602). And in making a decision as to whether to limit public access to court records, a judge must be cognizant of the fact that **"[p]ublic access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness."** *Van Waeyenberghe*, 990 F.2d at 850 (alteration in original); see also id. ("The real focus of our inquiry is on the rights of the public in maintaining open records and the 'check[] on the integrity of the system.'" (quoting *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985))). Accordingly, courts have held that a district judge's "discretion to seal the record of judicial proceedings is to be exercised charily," *Van Waeyenberghe*, 990 F.2d at 848, and have directed that the "decision must be made in light of the **'strong presumption that all trial proceedings should be subject to scrutiny by the public.'"** *Holy Land*, 624 F.3d at 690.

*Bianco v. Globus Med., Inc*., 2014 U.S. Dist. LEXIS 95079, 4-5 (E.D. Tex. July 14, 2014) (emphasis added).  Set aside for the moment Plaintiff Hartman's employer (and opposing counsel's favored private investigator) routinely blasts their pleadings across his blog whilst waving the First Amendment flag.  Here, there is something far more pertinent to this analysis: Plaintiff's counsel *specifically and publicly plead about himself and his criminal history*, directly placing it at issue in this case.  Indeed, he blamed Defendant Walker for his criminal history when, in fact, he had plead no contest to charges of filing a false police report.  What greater "judicial abuse" could there be than essentially admitting to criminal charges in state court, then concealing them from this Court where he specifically—and publicly—pleads Defendant Walker somehow caused him criminal problems?  How could concealing this direct, judicial contradiction—while allowing Plaintiff to publicly claim otherwise—result in a "better

perception of fairness" as directed by controlling caselaw? Plaintiff and his counsel are abusing the judicial system, attempting to game it through secrecy and nondisclosure of evidence directly contradicting their public filings they have very publicly touted throughout this community.

B. *Plaintiff Shows No "Compelling Reasons"*

Plaintiff's three-sentence motion assures that [n]o party could be harmed or injured by this Court granting this relief," but provides no analysis whatsoever to support that statement, let alone as to *why* the motion should be sealed.[2] Such fails miserably under controlling caselaw that requires a party trying to seal records to provide "sufficiently compelling reasons that override the public policies favoring disclosure:"

> The party seeking to seal court documents, including transcripts, has the burden of establishing that the presumption of public access to court records is overcome. *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011); *Kamakana. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Bankhead v. Gregg Cnty.*, 2013 U.S. Dist. LEXIS 3001, 2013 WL 124114, at *2 (E.D. Tex. Jan. 9, 2013) (citing *Torres-Montalvo v. Keith*, 2011 U.S. Dist. LEXIS 124979, 2011 WL 5023271, at *1 (S.D. Tex. Oct. 17, 2011)). The moving party "**can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure**." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). That is, the moving party "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.; see also In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (district court's entry of a protective order was "unsupported by a 'particular and specific demonstration of fact'" where movant made only conclusory allegations of harm).

*Bianco v. Globus Med., Inc.*, 2014 U.S. Dist. LEXIS 95079, 5-6 (E.D. Tex. July 14, 2014). Here, Plaintiff's three-sentence motion provides no compelling reasons at all—just conclusory allegations of harm. The Eastern District of Texas consistently rejects this non-descript approach to sealing court records. *See Bankhead v. Gregg County*, 2013 U.S. Dist. LEXIS 3001 (E.D.

---

[2] Again, the actual, sealed document—to the extent Plaintiff attempts to incorporate them by reference—have already been responded to by Defendant Walker when they were publicly filed.

5

Tex. Jan. 9, 2013) (rejecting motion to seal where movant "present[ed] no substantive reasons or argument to overcome the presumption against sealing public records"). Again, to the extent Plaintiff attempts to rely upon the sealed motion as a basis for the sealing, such is improper; moreover, Defendant Walker already responded to this inapposite arguments. It is doubtful that there are really any coherent legal bases to permit Plaintiff to embark upon such broad-based secrecy, other than the continued conspiracy allegations and improper legal citations. Of course, Plaintiff waived any such complaint about these matters when he publicly filed his original response publicly discussing the very matters he now seeks to seal. Of course, nowhere in the state-court order does the word "seal" even appear, and the law cited by Plaintiff applies to law-enforcement agencies. Notably, the Texas Department of Public Safety ("DPS"), according to the Jefferson County clerk, rejected application of nondisclosure for Mr. Morgan's failure to provide his fingerprints. Even assuming this Court were to determine that Defendant Walker and his counsel are law-enforcement agencies (and they are not), the order remains defective and rejected even by the DPS. Even under Plaintiff's erroneous interpretation of the law, nothing is even under the "order of nondisclosure" since, by no fault of Defendant Walker, it is defective. But none of this really matters, because Plaintiff waived any complaint of secrecy when he publicly wrote about his criminal problems in this Court, then failed to show any "compelling interest" why this Court should impose secrecy upon Defendant Walker about the same topic—secrecy so often rejected by the Eastern District of Texas, the Fifth Circuit, and the United States Supreme Court.

**IV.   Conclusion**

Plaintiff and his counsel—after embarking on a factually specific and very public campaign accusing Defendant Walker of being a racist, vengeful, criminal—now want to seal

6

numerous court records from the public that expressly refute what they so publicly plead. The Eastern District of Texas and Fifth Circuit provide two very clear hurdles Plaintiff must overcome to impose such secrecy upon this Court and the public. First, there is a "strong presumption" against sealing court documents. Plaintiff has done nothing at all—in his three-line motion or the sealed motion itself—to overcome that presumption. Indeed, Plaintiff nowhere even recognizes this presumption—let alone cite any controlling authority guiding this Court's analysis. Second, the burden of a sealing party is to provide "sufficiently compelling reasons" to override the federal policy favoring public disclosure. Here, Plaintiff provides no reasons at all or, worse, merely the sealed instrument itself as the basis for sealing. Such is improper, vague boot-strapping—seal this document because of what it says, not because of any *applicable* court order or law. Of course, all the fact-specific pleadings blaming Defendant Walker for Plaintiff's counsel's criminal problems remain publicly filed. Yet, when Plaintiff's counsel pleads no contest to filing a false police report in state court, he conceals that from this Court and now commands it be "stricken" and sealed from public disclosure. Plaintiff Hartman—just unanimously reprimanded by his own licensing agency for disrupting Defendant Walker's courtroom—should not be allowed to game the judicial system this way. Plaintiff cannot, in this Court, publicly blame Defendant for his counsel's criminal problems, whilst sealing from the world his plea of no contest to filing a false police report. As the Eastern District of Texas said this year: "[p]ublic access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." It sure does.

          Respectfully submitted,

          BY: ___/s/ Mark Sparks_____
          JOE J. FISHER, II
          STATE BAR NO. 00787471
          MARK SPARKS
          STATE BAR NO. 24000273
          PROVOST & UMPHREY LAW FIRM, L.L.P.
          P.O. BOX 4905
          BEAUMONT, TEXAS 77704
          (409) 835-6000
          FAX: (409) 838-8888

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing instrument was provided to counsel on this the 7th day of November, 2014, via the Court's electronic filing system, facsimile, and/or U. S. Mail.

          ___/s/ Mark Sparks_____
          Mark Sparks