```
1                    REPORTER'S RECORD

2                      VOLUME 1 OF 1

3               TRIAL COURT CAUSE NO. 96185

4
   THE STATE OF TEXAS          *    IN THE 252ND DISTRICT
5                              *
                               *
6  VS.                         *    COURT OF
                               *
7                              *
   PETER TRAN                  *    JEFFERSON COUNTY, TEXAS
8

9              * * * * * * * * * * * * * * * * * * *
10                  EXCERPTS FROM GUILT/INNOCENCE
               * * * * * * * * * * * * * * * * * * *
11

12

13        On the 19TH day of APRIL, 2006, the following

14  proceedings came on to be heard in the above-entitled

15  and numbered cause before the Honorable Layne Walker,

16  Judge Presiding, held in Beaumont, Jefferson County,

17  Texas:

18

19  Proceedings reported by Machine Shorthand.

20

21

22

23

24

25
```

```
 1                    A P P E A R A N C E S
 2
 3  FOR THE STATE:
 4  Mr. Perry Thomas
    SBOT NO. 19849120
 5  Assistant District Attorney
    1001 Pearl, 3rd Floor
 6  Beaumont, Texas 77701
    (409) 835-8550
 7
 8  FOR THE DEFENDANT:
 9  Ms. Stella Morrison
    SBOT NO. 14524600
10  Attorney at Law
    1015 Gulfway Drive
11  Beaumont, Texas 77640
    (409) 985-9358
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                 (EXCERPT FROM GUILT/INNOCENCE)
 2                 THE COURT:  Let the record reflect that the
 3   members of the jury are not present.  The defendant is
 4   present, along with his attorneys.  What I have before
 5   me is a handwritten Application for Community
 6   Supervision from the Court and that was filed by
 7   Ms. Morrison.  That has been signed by Mr. Peter Tran.
 8   Mr. Tran, is this your signature here on this document?
 9                 THE DEFENDANT:  Yes, sir.
10                 THE COURT:  Do you swear that everything in
11   this document is true and correct?
12                 THE DEFENDANT:  Yes, sir.
13                 (EXCERPT FROM GUILT/INNOCENCE)
14                      CROSS-EXAMINATION
15   BY MR. PERRY THOMAS:
16       Q.   Mr. Tran, you're telling this jury the only
17   time you were in trouble is when you were 17?
18       A.   No, sir.
19       Q.   You have been in trouble after you were 17?
20       A.   Right, a possession.
21       Q.   Exactly.  So, when Ms. Morrison asked you, you
22   were 17, and since that time, you told this jury, no, I
23   haven't had any troubles with the law since that time,
24   that was a lie, wasn't it?
25       A.   I probably didn't hear her.
```

```
 1        Q.    Because the truth of the matter is, in 1993,
 2   you were convicted of burglary of a building; right?
 3        A.    Yes, sir.
 4        Q.    And burglary of a vehicle; right?
 5        A.    Yes, sir.
 6        Q.    Then you told this jury you were on parole for
 7   four years after you got out of the pen; is that right?
 8        A.    Yes, sir.
 9        Q.    And you told this jury that you successfully
10   completed your parole without getting in anymore
11   trouble, didn't you?
12        A.    Yes, sir.
13        Q.    Well, that was not right either then, is it?
14   While you were on parole, you committed possession of a
15   controlled substance case, didn't you?  Weren't you
16   convicted of possession of a controlled substance May
17   20, 1996?
18        A.    Yes, sir.
19        Q.    And you were convicted of the burglary of a
20   building and burglary of a vehicle cases October 11,
21   1993?
22        A.    Yes, sir.
23        Q.    Well, if you spent a year in the pen or on
24   parole for four years, that is a total of five years;
25   right?  You got convicted the first time, '94, '95, '96,
```

```
 1  that is three years, and now you're convicted of
 2  possession of a controlled substance; right?
 3       A.   Yes.
 4       Q.   While you were on parole; right?
 5       A.   Yes, sir.
 6       Q.   So, you lied to this jury about that, didn't
 7  you?
 8       A.   I probably didn't hear Ms. Morrison's question.
 9       Q.   Let me ask you about this document.  I'm going
10  to mark this as State's No. 4.
11       Q.   Did you execute this document this morning?
12  Look at No. 4.  Look at this document.  Take it.  Turn
13  the page.  Is that your signature on it?
14       A.   Yes, sir.
15       Q.   You signed that document this morning under
16  oath, didn't you?
17       A.   Yes, sir.
18       Q.   In front of the Court's staff right here,
19  didn't you?
20       A.   (Nodding head up and down)
21       Q.   "Yes"?
22       A.   Yes, sir.
23       Q.   This document, Application for Community
24  Supervision from the Court.  And you stated under oath
25  in front of the Court that Peter Tran has never been
```

1  convicted of a felony in this state or any other state.
2       A.   Well, I probably misheard that.
3       Q.   Did you?
4       A.   I thought she was saying off of probation.
5  That is why I signed it.
6       A.   So, when the Court's clerk came in here and
7  said, Mr. Tran, have you ever been convicted of a felony
8  in this state or any other state, you had trouble
9  understanding that?
10      A.   I probably misheard her.  If I would have heard
11 it, I would not have signed it.
12      Q.   And right before this jury came in this
13 afternoon to start testimony, you were sitting right
14 there and Judge asked you about this document and asked
15 you did you execute this document, that you had never
16 been convicted in this state or any other state, and you
17 said, yes, sir, I did.  Remember saying that?
18      A.   Yes, sir, but I thought she was asking me --
19      Q.   I'm not --
20      A.   The statement is for Application for Probation.
21 That is why I signed it.
22      Q.   But --
23      A.   I didn't hear when she say have I been
24 convicted.  I didn't hear that part.  If I would have
25 heard it, I wouldn't have signed it.

1  A.    Okay.  So, when the clerk stood here -- the
2 Judge's clerk and said, Mr. Tran, have you ever been
3 convicted in this state or any other state of a felony
4 offense, you're telling this jury now you didn't
5 understand that?
6  A.    I didn't hear that.
7  Q.    So, when the Judge asked you that just probably
8 less than two hours ago have you ever been convicted in
9 this state or any other state, you didn't understand him
10 either?
11  A.    No, I probably misheard him.  I didn't hear
12 that.
13  Q.    You understand, though, Mr. Tran that by
14 executing this document you committed perjury in front
15 of this Court?  You've lied to this jury.  Understand
16 that?
17  A.    I don't understand.
18  Q.    Do you understand you've told this jury under
19 oath I've never been convicted of a felony, consider me
20 for some probation if I'm convicted in this case, and
21 you're lying to this jury today, executing this
22 document, lying to this Court?  Do you understand all
23 that?
24  A.    (No response)
25  Q.    Do you understand that, Mr. Tran?

```
 1      A.   No, sir.
 2      Q.   You were --
 3           MR. THOMAS:  At this time, I'm going to
 4  tender into evidence State's No. 4, Application for
 5  Probation.
 6           MS. MORRISON:  I think it's already public
 7  document because it was filed under oath this morning in
 8  the Court's file.
 9           THE COURT:  I'm going to --
10           MS. MORRISON:  This application was filed
11  by me.
12           THE COURT:  If you have an objection,
13  Ms. Morrison, state your objection.
14           MS. MORRISON:  Yes, I would.  This
15  application was filed by me.
16           THE COURT:  Ms. Morrison, state a legal
17  objection.  If you have a legal objection, state it.
18           MS. MORRISON:  The objection is that my
19  client --
20           THE COURT:  That is not an objection. State
21  a legal objection.
22           MS. MORRISON:  I did not make an
23  intelligent --
24           THE COURT:  That is not a legal objection.
25  It's overruled.  State's 4 is admitted.
```

1      Q.   (BY MR. THOMAS)  So, you have not completely
2  told this Court all the truth and this jury the truth
3  about your criminal history, have you?  You kind of
4  forgot after getting out of the pen while on parole that
5  you were convicted of felony possession of controlled
6  substance.  You didn't tell them that, did you, until I
7  brought it up; isn't that right?
8      A.   Ms. Stella brought it up.
9      Q.   You've been less than completely truthful with
10 the Court about your eligibility for probation; right?
11 Trying to pull the wool over the Court's eyes; right?
12     A.   No, sir.
13     Q.   Now you want the jury to believe that you
14 didn't have anything to do with those guys loading up
15 cases of beer in your car.  Is that what you want this
16 jury to believe?
17     A.   Yes, sir.
18             (EXCERPT FROM GUILT/INNOCENCE)
19                  REDIRECT EXAMINATION
20 BY MS. MORRISON:
21     Q.   Take a deep breath.  I know you're nervous
22 right now.
23     A.   Yes, ma'am.
24     Q.   This morning when we -- docket call, you just
25 recently hired me, did you not?

```
 1      A.   Well --
 2           MR. THOMAS:  Object to this line of
 3 questioning, relevance.
 4           THE COURT:  Sustained.
 5      Q.   (BY MS. MORRISON)  We were told this morning
 6 that we were going to trial this morning?
 7           MR. THOMAS:  Your Honor, again, object to
 8 the relevance.  Ms. Morrison's --
 9           THE COURT:  Sustained.
10           MS. MORRISON:  Your Honor, the prosecutor
11 introduced into evidence an exhibit.
12           THE COURT:  It's sustained.  Move forward.
13           MS. MORRISON:  But that --
14           THE COURT:  It's sustained.  Move forward.
15           MS. MORRISON:  Are you saying I can't
16 question him about the exhibit?
17           THE COURT:  No, ma'am.  I'm saying move
18 forward.
19      Q.   (BY MS. MORRISON)  Now, when did you sign that
20 document that was just introduced into evidence?
21      A.   When all the jurors left.
22      Q.   Can you speak up?
23      A.   When all the jurors went out before the one
24 o'clock break.
25      Q.   Now, where were you when you signed the
```

1  document?  Were you in this room?
2       A.   Yes, ma'am.
3       Q.   When you signed that document, where were you?
4  Were you in this room or were you in the back?
5       A.   In the back.
6       Q.   A lady came from out of the door on this side
7  of the courtroom --
8       A.   Yes, ma'am.
9       Q.   -- to notarize it; right?
10      A.   Yes, ma'am.
11      Q.   Did she read it off to you --
12      A.   No.
13      Q.   -- when you signed it?
14      A.   No.
15      Q.   But she did notarize it?
16      A.   Yes, ma'am.
17      Q.   Did I read it out to you?
18      A.   No, ma'am.
19      Q.   When you came to me to represent you, did you
20 not tell me that you had been previously convicted?
21      A.   Yes, ma'am, I told you I had a prior
22 conviction.
23      Q.   And at least when you took the witness stand
24 this afternoon you had nothing to hide.  You openly told
25 the jury --

1        A.    Yes, ma'am.
2        Q.    -- you had been previously convicted?
3        A.    Yes, ma'am.
4        Q.    But did you at any point in time tell me that
5   you had never received probation?
6        A.    That is correct.
7        Q.    So, the Application for Probation that was
8   filed this morning was the only thing I told you that
9   you were signing?
10       A.    Yes, ma'am.
11       Q.    Unbeknownst to you when I presented this
12  document and didn't read it out to you, you did not know
13  it contained --
14             MR. THOMAS:  Your Honor --
15       Q.    -- the word "conviction"?
16             MR. THOMAS:  -- object to the relevance of
17  this line of questioning.
18             THE COURT:  That is sustained.
19       Q.    (BY MS. MORRISON)  Did I ever read that
20  document to you?
21       A.    No, ma'am.
22       Q.    Did I ever at any point in time tell you that
23  that document contained any wording about your
24  conviction?
25       A.    No, ma'am.

```
 1      Q.   So, when you signed that document, you were
 2 under the impression that it only dealt with the fact
 3 that you never received probation?
 4      A.   That's right.
 5      Q.   Again, Tina notarized the document for you.  Is
 6 it not a fact that she -- did she ask you, have you ever
 7 been on probation before?
 8      A.   That is correct.
 9      Q.   Nothing was ever mentioned to you by neither me
10 nor Tina about your previous conviction?
11      A.   No, ma'am.
12      Q.   But you don't have your conviction to hide --
13      A.   No, ma'am.
14      Q.   -- because you told the jury you were
15 convicted?
16      A.   Yes, ma'am.
17      Q.   You're not trying to make this top secret?
18 You're not trying to keep this from the jury?
19      A.   No, ma'am.
20      Q.   But the point is, when you signed that
21 document, you weren't aware that it contained the word
22 "conviction"?
23      A.   Yes, ma'am.
24      Q.   Neither I nor Tina related to you that it did.
25      A.   (Nodding head up and down)
```

```
 1                (EXCERPT FROM GUILT/INNOCENCE)
 2                THE COURT:  The jury is not present.  The
 3  defendant is present, along with his attorney,
 4  Ms. Morrison.  I want the record to reflect that State's
 5  Exhibit No. 4 is a document that was handwritten by
 6  Ms. Morrison that was filed this morning at ten o'clock,
 7  April 19, 2006, by Ms. Morrison, and this motion
 8  represents to the Court that the defendant, Peter Tran,
 9  has not been convicted of a felony and is eligible for
10  probation with the statements made by Ms. Morrison on
11  the record that she had prior knowledge of the fact that
12  her client was convicted of prior felony offenses.  It's
13  the Court's belief Ms. Morrison knew full well her
14  client was not in fact eligible for probation and that
15  this application has been filed in bad faith.  This
16  application, along with a copy of this Court's record is
17  going to be forwarded to the grievance committee, along
18  with any other documents that are necessary.  I'm going
19  to start working on the charge.
20
21
22
23
24
25
```