UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| STELLA MORRISON | § | |
| | § | |
| VS. | § | |
| | § | CASE NO. 1:13-CV-00327 |
| LAYNE WALKER, THE COUNTY OF | § | |
| JEFFERSON, TEXAS AND THE STATE | § | |
| OF TEXAS | § | |

## CONTROVERTING, SWORN DECLARATION OF JOHN S. MORGAN PERTAINING TO THE DECLARATION OF MARK SPARKS

BEFORE ME, the undersigned authority, on this day personally appeared

John S. Morgan, who deposed on his oath and stated the following:

### BACKGROUND

"My name is John S. Morgan. I am over the age of twenty-one (21) years,

have never been convicted of a crime and I am fully competent to execute this

Affidavit. I have personal knowledge of all facts stated in this Affidavit, and all

these facts are true and correct.

"I am an attorney licensed to practice law in the State of Louisiana and

in the State of Texas. I have been licensed to practice law in the State of

Louisiana since 1990. I have been licensed to practice law in the State of

Texas since 1991. My license in the State of Texas has never been suspended

1

or revoked.  I am Board Certified in Civil Trial Law by the Texas Board of Legal Specialization.  I am also admitted to practice before the United States Supreme Court, the United States Court of Appeals for the Fifth Circuit, the United States District Court for the Eastern District of Texas, and in the federal courts in Louisiana.  I have testified as an expert witness on the issue of attorney's fees in both federal and state courts.  I am familiar with the skills required to prosecute and defend cases such as this one, and with the hourly rates customarily charged in the Beaumont area by attorneys whose skills and experience are comparable to mine.

### WALKER REQUESTS 100% FEE SHIFTING, WHICH IS EXTREME AND UNJUSTIFIED UNDER THE LAW AND FACTS.

"Mr. Sparks' Declaration, and Walker's motions, ask this Court to award all the legal fees allegedly incurred by former Judge Layne Walker's insurance company in defending this lawsuit.  That is, Walker seeks a 100% fee reversal.  Under the statutes, case law and the facts, there is no basis to support either 100% fee shifting or any award of attorneys' fees.

"Fee shifting cannot occur in this case under 28 U.S.C. § 1927, because there was no evidence at the hearing, in Walker's motions to award attorneys' fees and expenses, or in Mr. Sparks' Declaration, demonstrating either

2

Morrison or myself violated § 1927.  Section 1927 sanctions occur only in an "extremely rare occasion," where the movant proves "by clear and convincing evidence that every facet of the litigation was patently meritless and evidence of bad faith, improper motive, or reckless disregard  of the duty owed to the court." *Klein v. Walker*, No. 1:14-CV-00509-RC-ZZJH; 2017 WL 2221732 (E.D. Tex. 2017), *adopted*, 2017 WL 2215744 (May 17, 2017).  Under § 1927, Walker had to prove I: (1) intentionally multiplied the proceedings by filing multiple lawsuits, ignoring the bars of collateral estoppel and res judicata [*see, e.g. Wesolek v. Laten*, No. H-12-3210; 2014 WL 1030176 (S.D. Tex. 2014); or (2) intentionally prolonged the litigation.  *Lawyer's Title Insurance Corp. v. Doubletree Partners*, 739 F.3d 848, 872 (5th Cir. 2014).  There was no testimony and no evidence demonstrating I intentionally multiplied the proceedings by filing multiple lawsuits.  In *Klein v. Walker*, Mr. Watts filed two (2) lawsuits against Walker, but § 1927 fee shifting was not appropriate, because Mr. Watts articulated a reason for filing duplicative litigation.

"The only lawsuit Morrison filed against Walker is this case.  Morgan did not file on behalf of Morrison any companion state court proceedings.

"Furthermore, there was no evidence Morgan intentionally prolonged the litigation.  Walker's main arguments for attorneys' fees was essentially as follows: (1) Morrison and I were wrong about one (1) fact pertaining to Morrison's allegation Walker tried to wrongfully indict her; (2) Morgan deserves retaliation and punishment due to both his and Mr. Klein's independent exercise of their First Amendment rights; (3) Walker had judicial immunity; and (4) I disliked Walker when this lawsuit was filed.  While Mr. Sparks questioned me at the hearing regarding my delay in reviewing the *Peter Tran* reporter"s record with Morrison, Mr. Sparks did not argue I unreasonably prolonged the entire case out of malice or bad faith.  None of Walker's arguments satisfy the § 1927 standards.

## <u>MORRISON PRESENTED GOOD FAITH, LEGAL ARGUMENTS ON JUDICIAL IMMUNITY</u>

"Fee shifting under 42 U.S.C. § 1988 is also not applicable, because Morrison presented detailed and well-briefed arguments contesting judicial immunity.  I correctly informed this Court *Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005), holds the site or location of the judicial activity is one factor in evaluating judicial immunity.  A judge has immunity for performing a judicial function in his courtroom or in his "adjunct space," which the Fifth Circuit has

4

defined as his chambers or office. *Ballard*, 413 F.3d 510, 513. There is no case in any federal court which extended judicial authority to regulating the use of a hallway in a courthouse, or banning an attorney from a hallway based on her race and in retaliation for her exercise of her First Amendment rights of running for office against the judge. In my opinion, the case law makes it irrelevant that Walker put a doorway that must be opened from the inside at the base of the hallway. During Walker's tenure on the bench, all members of the bar (except Morrison), county employees, the press, and the public could use that hallway, simply by identifying themselves to the person sitting behind the desk at the doorway. Furthermore, there is no case law holding Walker or any other judge had the authority to control access to Judge Stephens' chambers, or to order Deputy Barker to assault Morrison. The hallway at issue leads to both the former chambers of Walker and the current chambers of Judge Stephens. Morrison, therefore, had more than a good faith argument that judicial immunity did not apply for Walker regarding Morrison's hallway allegations. Respectfully, in my opinion there is no legal basis for judicial immunity to apply Morrison's hallway allegations.

"Walker filing multiple Grievances against Morrison (Morrison testified

there were more than ten (10) and possibly up to twenty (20) Grievances, and all were dismissed as frivolous), is not a normal judicial function, and this pattern falls within the scope of *Harper v. Merckle*, 638 F.2d 848 (5th Cir. 1981), *cert. denied*, 454 U.S. 816 (1981).   The Fifth Circuit has still not overruled *Harper v. Merckle*.  The Fifth Circuit holds this case has limited precedential value, because the holding is based on extreme facts. I explained, and Morrison's Complaints explain, how Morrison's facts are closely analogous to the facts in *Harper v. Merckle*.  The U.S. Supreme Court denied a Petition for a Writ of Certiori in *Harper v. Merkle*, which corroborates the case is good law, limited to its facts.   Morrison's allegations regarding the Grievances, therefore, cannot be considered legally or factually frivolous.   Similarly, Morrison's allegations regarding Walker's unlawful contempt procedure is squarely within the scope of *Harper v. Merckle*, because that case also involved a retaliatory contempt proceeding.

"The rest of Morrison's case fits within the factual pattern and the reasoning of *Harper v. Merkle*. Morrison pleaded clearly Walker invoked and utilized the judicial machinery for his own personal vendetta against Morrison, based on her race and the exercise of her First Amendment rights.

6

"During the hearing, Mr. Sparks stressed his claim Morrison and I misrepresented the location of the *Peter Tran* matter, which was the source of Morrison's allegation Walker and Maness sought to wrongfully indict Morrison. Morrison and I testified consistently on this issue. Morrison did not recall all the specific facts until she reviewed the *Peter Tran* reporter's record, and then she explained the situation to me. I then promptly dismissed that allegation. I did not know Morrison had been called to trial in two (2) courts on the same day. I have never experienced that situation as an attorney, so the fact pattern was unique and unknown to me. At the hearing, Mr. Sparks retreated from his earlier argument I intentionally lied, and instead argued I should have conducted a better pre-trial investigation. Mr. Sparks and Walker, however, also did not recall the location of the *Peter Tran* proceeding when I filed Morrison's case. Mr. Sparks admitted he learned the true facts only when Walker was able to retrieve and provide to him the *Peter Tran* reporter's record. Also, there were no documents available to me, without discovery, that set forth the true facts regarding Mr. Tran. A fundamental principle of the American legal system is the attorney should believe his client. A client's faulty recollection does not justify sanctions against Morrison or me, unless I

7

had continued to litigation the allegation after I learned the true facts. I did not intentionally litigate this allegation based on knowingly false facts. If this Court sanctions me for this misunderstanding, then this Court should also sanction Mr. Sparks, since both of us did not know the true facts regarding Mr. Tran when I filed Morrison's case.

"The United States Supreme Court holds judicial immunity occurs when a judge engages in a judicial function, such as the adjudication of a case in his or her court. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The Texas Supreme Court limits judicial immunity to judicial acts performed by a judge within the scope of his or her jurisdiction. *Dallas County v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002).

"It is abundantly clear Morrison's allegations pertaining to Walker banning her from the hallway, and Deputy Barker's assault on her in the hallway, did not involve Walker adjudicating any case in his court. The Supreme Court ruled in *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 5, 8 (1988), there is a distinction between judicial versus non-judicial acts. A judge can be held monetarily culpable for non-judicial acts. The Supreme Court opined non-judicial acts include but are not limited to promulgating and

8

enforcing a code of conduct for attorneys, as well as making personnel decisions. 484 U.S. at 228-30.

"Walker's repetitive filing of Grievances against Morrison clearly fits within the factual scenario in *Harper v. Merckle* (citation omitted), as well as can be viewed as promulgating and enforcing a code of conduct for attorneys, within the meaning of *Forrester v. White*. Additionally, although judicial immunity can apply to a racial discrimination claim under 42 U.S.C. § 1981, I sincerely believe this Court and the Fifth Circuit erred by dismissing Morrison's § 1981 claim under Rule 12(b)(6), because Morrison's Complaints clearly pleaded a prima facie case of racial discrimination, and Morrison presented cogent arguments that her allegations were outside the scope of judicial immunity.

"Walker's most argued justification for fee shifting under 42 U.S.C. § 1988 is based on his personal attacks against Morgan, essentially arguing it is unfair I disliked Walker when I filed this lawsuit. Personal animus of an attorney, standing alone, is not cognizable as a grounds awarding fees under 42 U.S.C. § 1988. Attorneys' fees are awarded under § 1988 only if there is "a finding that the plaintiff's action was frivolous, unreasonable, or without

9

foundation." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Morrison's case had a very solid factual basis. Walker only disputed one (1) fact, which is the misunderstanding pertaining to the *Peter Tran* matter. Walker did not dispute any other fact alleged by Morrison. Likewise, this case had a solid legal foundation, because I cited valid law supporting every one of Morrison's allegations. The §1988 cases cited by Walker typically awarded fees to the defendant when the plaintiff sued a judge about his adjudication of a case in his court. *See, e.g., Palazzola v. Benson*, 82 F.3d 418 (6th Cir. 1996) (plaintiffs sued a judge to disqualify him from adjudicating a custody dispute); *Deleon v. Halton City*, 113 Fed. Appx. 577 (5th Cir. 2004) (inmate sued a judge for incarcerating him after adjudicating his misdemeanor violations). Morrison did not sue Walker for his adjudication of a case.

## DISCOVERY IS NECESSARY FOR A PARTY TO KNOW ALL THE MATERIAL FACTS

"It is impossible in any complex litigation for a complaint to correctly state every aspect of all material facts. This is particularly true in complex litigation under 42 U.S.C. § 1981 & 1983. For example, the Honorable David Bernsen and the Bernsen Law Firm successfully prosecuted a § 1983 case, *Montano v. Orange County*, 842 F.3d 865 (5th Cir. 2016), before Judge Clark.

10

Discovery occurred in that case, and was necessary for proper adjudication. Sanctioning an attorney for being wrong on one (1) material fact, without discovery, places an impossible burden on an attorney. There is no complex lawsuit of which I am aware in which the plaintiff's original complaint is 100% accurate on every material fact. I reviewed all the documents Morrison provided. I cannot obtain grand jury testimony through a Public Information Request. If I had been permitted discovery, I probably would have discovered the *Peter Tran* reporter's record sooner, and I would have dismissed Morrison's wrongful indictment claim sooner. Mr. Sparks did not articulate how I could have performed a better pre-suit investigation.

## MR. SPARKS AND WALKER DID NOT SEGREGATE ANY ATTORNEYS' FEES, WHICH DEFEATS ANY RECOVERY

"Reviewing the time entries in Mr. Sparks' Declaration or in Walker's evidence in his motions, neither Walker nor Mr. Sparks identify any specific charges for any portions of this lawsuit that could justify fee shifting under 28 U.S. C. § 1927 or 42 U.S.C. § 1988. That is, Mr. Sparks did not segregate his attorneys' fees for defending against Morrison's specific allegations Mr. Sparks considers frivolous under § 1988 or § 1927. The United States Supreme Court holds in fee claims under 42 U.S.C. 1988, the movant must segregate the

11

attorneys' fees either based on the plaintiff's successful versus unsuccessful claims, or on the defendant's claim that a portion of the lawsuit was frivolous. *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983). Mr. Sparks did not segregate any attorneys' fees based on any particular issue. Walker's evidence in his motions for attorneys' fees did not segregate any attorneys' fees. Walker and Mr. Sparks did not identify or segregate any attorneys' fees relating to Morrison's allegations regarding Walker's attempt to indict her.

### WALKER INCURRED NO ATTORNEYS' FEES RELATED TO MORGAN'S DELAY IN REVIEWING THE *PETER TRAN* REPORTER'S RECORD WITH MORRISON

"A review of Mr. Sparks' time records does not identify any specific charges that are causally related to me non-suiting Morrison's wrongful indictment allegation, or to my delay in reviewing the reporter's record with Morrison. Even if this Court finds I am culpable under § 1988 regarding Morrison's wrongful indictment allegations, there is no basis in Mr. Sparks' time records or in any of Walker's evidence to identify any specific attorneys' fee charges incurred in connection with that allegation, or my delay in meeting with Morrison. At most, this Court could penalize me for the time incurred by Mr. Sparks in transmitting the *Peter Tran* reporter's record to me. This amount should be no more than 0.3 hours, which at $200.00 per hour is $60.00.

12

"Mr. Sparks did not provide the *Peter Tran* reporter's record to me with a twenty-one (21) day safe-harbor sanctions warning under Fed. R. Civ. P. 11. I have admitted and apologized for my delayed response in reviewing the *Peter Tran* reporter's record with Morrison.   I was very busy in the *Stephen Hartman* litigation, in which the parties collectively filed several thousand pages of briefing pursuant to Fed. R. Civ. P. 12(b)(6). I forgot about reviewing the transcript until Judge Hawthorn reminded me. Even if this Court faults my delay in responding, Walker's insurance company incurred zero attorneys' fees due to this delay.  Also, I did not violate any court Order.  After Judge Hawthorn reminded me to respond, I acted promptly.  I met with Morrison, learned the true facts, and I dismissed the allegation.

## MR. SPARKS CONTINUES WITH PERSONAL ATTACKS AND MISREPRESENTATIONS

"Mr. Sparks continues with his personal attacks in his Declaration, falsely claiming I was co-counsel with Mr. Watts in Mr. Klein's § 1983 lawsuit. The Honorable Judge Hawthorn issued an Advisory prohibiting any more personal attacks.  I complied with this Advisory, but Mr. Sparks and former counsel for Walker did not.  Walker's first motion for attorneys' fees contains five (5) pages of personal attacks, many of which were targeted toward Mr.

13

Klein, who was neither a witness nor a party in this case.  Mr. Sparks was permitted to make arguments at the hearing, as well as ask questions, that were entirely irrelevant and clearly intended to seek punishment in order to retaliate against my right to petition (*i.e.*, to call law enforcement when I was informed there was a plan to allegedly murder me, which I sincerely believed was true at that time), freedom of association (talking to a media consultant about a possible political rally), and my freedom of speech.  There is no case in the United States where sanctions were awarded because a party exercised his or her First Amendment rights.  This is impermissible under 28 U.S.C. § 1927 or 42 U.S.C. §1988.

"Mr. Sparks' continual violation of the Court's Advisory has created an impermissible double standard.  Morgan respectfully asserts the Advisory appears to be only enforceable against me, but not against Mr. Sparks.  This is a violation of my right to due process, guaranteed under the United States Constitution Fifth Amendment.

## MORGAN HAS PROSECUTED TWO (2) CASES AGAINST WALKER, AND THE COURT REJECTED WALKER'S DEFENSES OF JUDICIAL AND OFFICIAL IMMUNITY IN THE *STEPHEN HARTMAN* CASE

"Mr. Sparks argued at the hearing I have prosecuted multiple cases against Walker, none of them with success.  This is not true.  I was never counsel for Philip Klein in his case against Walker that was filed in state court and later in federal court.  Mr. Larry Watts was Mr. Klein's attorney.  I am not involved in Glynn Walker's ongoing lawsuit against his brother Layne Walker over the beach house.

"I filed this case on behalf of Morrison, which was not successful.  I also filed the *Stephen Hartman* case against Walker and many other defendants.  Honorable Judge Marcia Crone ruled Mr. Hartman did not have viable constitutional claims, but the Court did not adjudicate Mr. Hartman's state court claims for a civil conspiracy to maliciously prosecute him.  Pursuant to 28 U.S.C. § 1367, Morgan was required to file Hartman's state law claims within thirty (30) days of the federal court's dismissal.  Morgan complied and filed Mr. Hartman's state law claims in Jefferson County, Texas.  Mr. Jeffrey Dorrell, counsel for Walker in that case, filed an interlocutory appeal, asking for Walker to be dismissed as a Defendant.  The Texas Ninth Court of Appeals ruled in favor of Mr. Hartman, holding the actions of Walker in that case were not within the scope of judicial or official immunity.  *Walker v. Hartman*, 516

S.W.3d 771 (Tex. App. - - Beaumont 2017, pet. filed) (Exhibit "1").

"I do not maintain an ongoing business relationship with Larry Watts. I did not have any agreement to split fees on any case filed against Walker by Mr. Watts on behalf of Philip Klein.

### WALKER'S ATTORNEYS' HOURLY RATE IS $200.00 PER HOUR

"I have previously addressed Mr. Sparks' request for attorneys' fees at the rate of $450.00 per hour.  I asked for $450.00 per hour based on the complexity of the case, the very high amount of time committed to this case, and the retaliation I experienced throughout the Jefferson County legal system for filing a case against Walker.  I also asked for this rate, because it has been my experience, in both federal and state court, the courts almost always lower the hourly rate of the attorney who requests attorneys' fees.  In other words, if I had requested attorneys' fees at $250.00 per hour, I would anticipate the court would award less than that hourly rate if I had won the case.  Mr. Sparks and Mr. Fisher have previously stated they were paid $200.00 per hour by an insurance company to defend Walker.  My standard hourly rate is $250.00 per hour, but for established clients I have charged $200.00 per hour.  As such, $200.00 is a reasonable hourly rate at this location, and the rate actually

charged by Walker's attorneys.

### WALKER FAILED TO SEGREGATE ANY APPELLATE ATTORNEYS' FEES

"Walker also asked to recover all his appellate attorneys' fees, but he did not segregate any of his fees for any particular issues on appeal he contends were entirely frivolous. The United States Court of Appeals for the Fifth Circuit did not rule Morrison's appeal was frivolous. I cited multiple U.S. Supreme Court and Fifth Circuit cases to support all of Morrison's legal theories. I contend the Fifth Circuit clearly erred by dismissing Morrison's allegations pertaining to Walker banning her from the hallway, the assault in the hallway, and her racial discrimination claim under 42 U.S.C. §1981.

### THE ATTORNEYS' FEES CLAIMED BY WALKER ARE EXCESSIVE

"I have reviewed the time records in Mr. Sparks' Declaration for the purpose of determining whether they are excessive. It is my opinion that Mr. Sparks billed excessive time for receipt and review. His first entry was "Receipt and review and research for joint motion for briefing schedule." He billed this 0.8. A reasonable charge would be 0.2. Mr. Sparks billed 1.5 hours on January 26, 2015, to "Receipt and review Morrison's response to Walker's Rule 12(b)(6) Motion to Dismiss." A reasonable charge for that activity would

be 0.4.  Mr. Sparks billed for irrelevant matters, such as Morgan's nonsuit of his case against Shane Phelps.  Mr. Sparks billed 0.2 for that on January 29, 2015.  The vast majority of Mr. Sparks' fee charges are for "Receipt, review and research."  He billed 0.2 for "Receipt, review and research Final Judgment, as well as receipt, review, and research Notice of Appeal," for a total of 0.4.  A reasonable charge is 0.1.  He billed 0.4 for "Receipt and review Judge Hawthorne's Order Granting Motion for Leave to Exceed Page Limitations on Walker's Motion for Attorneys' Fees and Expenses."  Since the Court's Order was short, that entry should be 0.1.  Although I could comment on all of Mr. Sparks' time entries line by line, it suffices to say, in my opinion Mr. Sparks' total hours of 128.6 are not reasonable, not necessary, and not accurate.  Those tasks described in his Declaration should be no more than approximately 50 hours, and not 128.6 hours.

"The same analysis applies to Mr. Sparks' and Mr. Fisher's previously submitted bills.  I do not believe all their time charges were reasonable for the tasks described, and many are excessive.  Mr. Sparks concludes the total amount of fees expended in this case, both at the trial court level and on appeal is $307,672.50.  Even if this Court were inclined to shift 100% of the fees, my

18

opinion of the total attorneys' fees I would have incurred in defending this case through the trial court and the Fifth Circuit Court of Appeals, at the rate of $200.00 per hour, should have been approximately $60,000.00 to $70,000.00, at the most.

"Mr. Sparks states Morrison's Complaint sought attorneys' fees up to $350,000.00 at $450.00 per hour, and therefore Walker's request for $307,617.50 in attorneys' fees is reasonable.  I had previously addressed this issue. Assuming Morrison has successfully prosecuted her case, a $307,617.50 award at $450.00 per hour translates into  $136,718.88 at $200.00 an hour."

FURTHER AFFIANT SAYETH NOT.

_____
JOHN S. MORGAN

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this ___ day of May, 2018, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC,
THE STATE OF TEXAS

JULIE M. HANNA
Notary Public, State of Texas
Comm. Expires 08-22-2021
Notary ID 125407166

19