# WESTLAW

Original Image of 516 S.W.3d 71 (PDF)

**Walker v. Hartman**
Court of Appeals of Texas, Beaumont. March 30, 2017 516 S.W.3d 71 (Approx 15 pages)

516 S.W.3d 71
Court of Appeals of Texas,
Beaumont.

Layne WALKER, Appellant
v.
Stephen HARTMAN, Appellee

NO. 09-16-00299-CV
|
Submitted on January 27, 2017
|
Opinion Delivered March 30, 2017

## Synopsis

**Background:** Process server brought action against former judge for civil conspiracy, malicious prosecution, and other claims, which were later nonsuited, related to server's arrest in judge's courtroom for attempting to serve judge with a summons. The 58th District Court, Jefferson County, Sylvia A. Matthews, J., denied judge's motion to dismiss under the Texas Citizens' Participation Act (TCPA). Judge appealed.

**Holdings:** The Court of Appeals, Steve McKeithen, C.J., held that:

1 judge's motion to dismiss under the TCPA survived server's nonsuiting of claims for defamation and tortious interference with business relationships; but

2 server marshaled clear and specific evidence for a prima facie case for malicious prosecution and civil conspiracy; and

3 neither judicial immunity nor quasi-judicial immunity barred suit.

Affirmed.

## West Headnotes (23)

Change View

1   Pleading — Application and proceedings thereon
    The 60-day period under the Texas Citizens' Participation Act (TCPA) in which former state judge had to move to dismiss process server's legal action against him in state court did not begin when process server previously filed a federal action against judge on the same common nucleus of operative facts, and thus judge's motion to dismiss the state action under the TCPA was timely, despite argument that process server had to file the state action when the federal court declined to exercise supplemental jurisdiction; the Act had a broad purpose of encouraging the rights of persons to file meritorious lawsuits for demonstrable injury, and the TCPA was to be construed liberally. Tex. Civ. Prac. & Rem. Code Ann. §§ 27.002, 27.011.

2   Pleading — Application and proceedings thereon
    The party moving to dismiss under the Texas Citizens' Participation Act (TCPA) bears the initial burden of demonstrating that he has been sued for exercising his First Amendment rights. U.S. Const. Amend. 1, Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b).

3   Pleading — Frivolous pleading
    Pleading — Application and proceedings thereon

**SELECTED TOPICS**

Process Server Return of Service

**Secondary Sources**

**s 201:17. Officer's return of process-For corporation**
10A Tex. Jur. Pl & Pr. Forms § 201:17 (2d ed.)
...See Tex. R. Civ. P. 107; Tex. Bus. Orgs. Code Ann. §§ 5.201, 5.251, 5.255; Conseco Finance Servicing v. Klein Independent School Dist., 78 S.W.3d 666, 671 (Tex. App. Houston 14th Dist. 2002). If servic...

**s 1.7.3. Citation and return of service-Corporate defendant**
3 West's Tex. Forms. Business Litigation § 1.7.3 (2d ed.)
...The preceding form illustrates the format and content of a Citation and Return of service of process on a corporation, in accordance with Rules 99 and 107 of the Texas Rules of Civil Procedure. Upon th...

**s 21:4. Grounds-Default**
Texas Trial Handbook § 21:4 (3d ed.)
...A new trial motion must be made in order to preserve a litigant's objection to a default judgment. A new trial may be sought by a party against whom a judgment was rendered based upon default or that p...

See More Secondary Sources

**Briefs**

**Appellee's Consolidated Brief**
2010 WL 1859861
ORGOO, INC., Appellant, v. RACKSPACE US, INC., Appellee, In re Orgoo, Inc., Relator.
Court of Appeals of Texas, San Antonio
Apr. 05, 2010
...Note: Page 7 missing in original document For its first argument in the restricted appeal, Orgoo contends that "the face of the record reflects void and invalid service of process by counsel for Racksp...

**Brief of Appellant Orgoo, Inc.**
2010 WL 1502373
ORGOO, INC., Appellant, v. RACKSPACE US, INC., Appellee.
Court of Appeals of Texas, San Antonio
Jan. 21, 2010
...[* Please note that none of the attorneys identified above as counsel for Appellant Orgoo, Inc. made any appearance in this case until October 28, 2009, when Appellant Orgoo, Inc. filed its "Motion to ...

**Reply Brief of Appellant/Relator Orgoo, Inc.**
2010 WL 2298872
In re ORGOO, INC., Relator. Orgoo, Inc., Appellant, v. Rackspace US, Inc., Appellee.
Court of Appeals of Texas, San Antonio
Apr. 28, 2010
...The clerk's record is 1 volume. References to the clerk's record in the Reply Brief of Appellant/Relator are shown as ("CR _") with the volume and page number in parentheses. A supplemental clerk's rec...

See More Briefs

**Trial Court Documents**

Once the moving party under the Texas Citizens' Participation Act (TCPA) establishes that a suit implicates First Amendment rights, the burden shifts to the party bringing the action, who must then adduce clear and specific evidence of a prima facie case as to each element of the claim. U.S. Const. Amend. 1, Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c).

4   Pleading  Application and proceedings thereon
Under the Texas Citizens' Participation Act (TCPA), the trial court may consider pleadings as evidence when determining whether the claim should be dismissed. Tex. Civ. Prac. & Rem. Code Ann. § 27.006.

5   Pleading  Application and proceedings thereon
If the non-movant meets his burden on a motion to dismiss under the Texas Citizens' Participation Act (TCPA), the movant may still obtain a dismissal by establishing by a preponderance of the evidence each essential element of a valid defense to the claims. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d).

6   Appeal and Error  Constitutional Rights, Civil Rights, and Discrimination in General
The Court of Appeals reviewed de novo the issue of whether a former state judge met his burden under the Texas Citizens' Participation Act (TCPA) of establishing that process server's case against judge related to judge's exercise of his First Amendment rights; the issue was a legal question. U.S. Const. Amend. 1, Tex. Civ. Prac. & Rem. Code Ann. § 27.005.

7   Pleading  Frivolous pleading
Process server's original petition against former state judge related to judge's exercise of his First Amendment rights, and thus server's lawsuit was within the purview of the Texas Citizens' Participation Act (TCPA), where the original petition asserted claims for defamation and tortious interference with business relationships stemming from judge's filing of formal complaints against server with the Texas Department of Public Safety Private Security Bureau, the Texas Process Server Review Board, and the Texas Association of Licensed Investigators. U.S. Const. Amend. 1, Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3).

8   Pleading  Frivolous pleading
Former state judge's motion under the Texas Citizens' Participation Act (TCPA) to dismiss process server's suit against him survived server's nonsuiting of claims for defamation and tortious interference with business relationships, which appeared to leave only claims for malicious prosecution and civil conspiracy; a motion to dismiss that may afford more relief than what a nonsuit afforded constituted a claim for affirmative relief that survived a nonsuit, and judge's TCPA motion to dismiss might also have allowed judge to obtain a dismissal with prejudice, attorney fees, and sanctions, unlike a nonsuit. Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a).

2 Cases that cite this headnote

9   Pleading  Application and proceedings thereon
Process server marshaled clear and specific evidence for a prima facie case for malicious prosecution and civil conspiracy against former state judge related to server's arrest in judge's courtroom while trying to serve judge with a summons, and thus dismissal of server's case under the Texas Citizens' Participation Act (TCPA) would have been improper; the claims were not related to judge's reporting of server to state boards and a trade association. Tex. Civ. Prac. & Rem. Code Ann. §§ 27.005(c), 27.006.

10   Pleading  Application and proceedings thereon
When a legal action is in response to both expression protected by the Texas Citizens' Participation Act (TCPA) and other unprotected activity, the legal

**Khaled OMAR and Ferras Mahmood Abdallah, Plaintiff, v. ZIPCO, INC., Defendant.**

2003 WL 25430214
Khaled OMAR and Ferras Mahmood Abdallah, Plaintiff, v. ZIPCO, INC., Defendant.
District Court of Texas.
Oct. 14, 2003

...On the 19th day of September, 2003, came on to be heard the above-entitled and numbered cause filed by Plaintiffs Omar and Abdallah against Defendant Zipco, Inc. Plaintiffs appeared by and through thei...

**Woods v. Legg**

2010 WL 9039282
Tarris WOODS, v. Rusty LEGG.
District Court of Texas.
Sep. 28, 2010

...ON the 28 day of September, 2010, the Court files these Findings of Fact and Conclusions of Law in support of the Judgment contained herein, and shows: 1. The parties to this suit are Contestant Tarris...

**Lomas v. Konasiewicz**

2015 WL 2344579
Pedro LOMAS, Plaintiff, v. Dr. Stefan KONASIEWICZ and Dr. Mathew Alexander, Individually and as President of South Texas Brain and Spine Center, Defendants.
Texas County Court at Law
Feb. 25, 2015

...After a hearing held on this the 17 day of February 2015, and after considering all responses and objections and oral argument of all Counsel the Court enters the following Findings of Fact and Conclus...

See More Trial Court Documents

action is subject to dismissal only to the extent that it is in response to the protected conduct, as opposed to being subject to dismissal in its entirety. Tex. Civ. Prac. & Rem. Code Ann. § 27.001 et seq.

11 **Malicious Prosecution** 🔑 Nature and elements of malicious prosecution in general
To prove a malicious criminal prosecution claim, the plaintiff must establish (1) the commencement of a criminal prosecution against him, (2) initiation or procurement of the action by the defendant, (3) termination of the prosecution in the plaintiff's favor, (4) the plaintiff's innocence, (5) the absence of probable cause for the proceedings, (6) malice in filing the charge, and (7) damage to the plaintiff.

12 **Conspiracy** 🔑 Nature and Elements in General
The elements of a civil conspiracy are (1) a combination of two or more persons, (2) to accomplish an unlawful purpose or a lawful purpose by unlawful means, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) the plaintiff suffered injury as a proximate result of the wrongful act.

13 **Conspiracy** 🔑 Nature and Elements in General
Liability for conspiracy comes from the act done to further the conspiracy, not the conspiracy itself.

14 **Conspiracy** 🔑 Nature and Elements in General
The elements of a conspiracy claim require participation in some underlying intentional tort.

15 **Malicious Prosecution** 🔑 Nature and form of remedy
Malicious prosecution is an intentional tort.

16 **Judges** 🔑 Liabilities for official acts
Former state judge's alleged actions subsequent to the arrest of process server in judge's courtroom while attempting to serve judge with a summons did not involve judge acting in his official capacity, and thus neither judicial immunity nor quasi-judicial immunity barred server's action against judge for malicious prosecution and civil conspiracy; judge's alleged actions, which occurred after server had been removed from judge's courtroom, included replacing server's recording pen with a screwdriver, illegally hiring a district attorney pro tem to prosecute server, and obtaining perjured witness affidavits. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d).

17 **Judges** 🔑 Liabilities for official acts
A judge has immunity when acting in the course of a judicial proceeding over which he has jurisdiction.

18 **Judges** 🔑 Liabilities for official acts
The doctrine of absolute judicial immunity encompasses all judicial acts unless the judge's actions clearly fall outside the judge's subject-matter jurisdiction.

19 **Judges** 🔑 Liabilities for official acts
A judge will not be deprived of immunity because he was in error, took action maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction.

20 **Judges** 🔑 Liabilities for official acts

In the context of judicial immunity, whether an act is "judicial" or "nonjudicial" is determined by the nature of the act; that is, whether it is a function normally performed by a judge, as opposed to other acts that simply happen to have been performed by a judge.

21  Public Employment  🔑  In general; official immunity
"Quasi-judicial immunity" and other similar terms, such as "official immunity" or "qualified immunity," are all used interchangeably to refer to the same affirmative defense available to governmental employees sued in their individual capacities.

22  Public Employment  🔑  In general; official immunity
Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority.

23  Pleading  🔑  Frivolous pleading
    Pleading  🔑  Application and proceedings thereon
Neither the absolute judicial communications privilege nor the Texas Citizens' Participation Act (TCPA) required the trial court to dismiss process server's motion to strike certain portions of former state judge's pleadings that server alleged were objectionable in server's action against judge for malicious prosecution and civil conspiracy related to server's arrest in judge's courtroom while attempting to serve judge with a summons, despite argument that the motion to strike was a "legal action" implicating judge's right to petition, where judge did not argue that only certain pleadings or causes of action be dismissed or stricken, but that server's lawsuit be dismissed in its entirety. U.S. Const. Amend. 1, Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6).

*74 **On Appeal from the 58th District Court, Jefferson County, Texas, Trial Cause No. A-198,246. Sylvia A. Matthews, Visiting Judge.**

**Attorneys and Law Firms**

Jeffrey L. Dorrell, Matthew S.C. Hansel, Hanszen Laporte, Houston, TX, for Appellant.

John S. Morgan, Morgan Law Firm, Beaumont, TX, for Appellee.

Before McKeithen, C.J., Kreger and Horton, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice

Appellant Layne Walker appeals the trial court's denial of his motion to dismiss appellee **Stephen Hartman's** lawsuit[1] against him pursuant to the Texas Citizens' Participation Act ("TCPA"). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011 (West 2015), § 51.014(a)(12) (West *75 Supp. 2016) (providing for an interlocutory appeal of the denial of a motion to dismiss filed under section 27.003 of the TCPA). In five appellate issues, Walker argues that: (1) Hartman's legal action was based on, related to, or in response to Walker's exercise of his right of free speech or to petition; (2) Walker's motion to dismiss under the TCPA was timely; (3) Hartman's nonsuit of his defamation claims after Walker moved to dismiss did not prevent the trial court from granting relief under the TCPA; (4) Walker showed each element of one or more defenses to Hartman's claims by a preponderance of the evidence; and (5) Hartman did not marshal clear and specific evidence of a prima facie case for each essential element of his claims. We affirm the trial court's judgment.

## BACKGROUND

On May 28, 2013, Hartman, a licensed investigator and licensed process server employed by Klein Investigations and Consulting, entered the courtroom of the 252nd District Court while Walker, the former judge of said court, was presiding. Hartman pleaded that he approached the bar in the courtroom, but did not cross it, and after motioning for the bailiff, Deputy Lewis, to come toward him, he whispered to Lewis that he needed to serve

Walker with a summons.[2] According to Hartman, Lewis walked to Deputy Broussard, and Broussard "rushed toward Hartman and immediately began pushing Hartman to the exit door, stating Hartman needed to 'leave or go under arrest.' " According to Hartman's petition, he did not attempt to serve Walker in court.

Hartman pleaded that although he identified himself as a licensed process server and did nothing disruptive, Deputies Lewis and Broussard, as well as Deputy Barker, placed Hartman under arrest and confiscated his personal property, which included, among other things, his iPhone and a video recording pen that had captured the events. Hartman also pleaded that the officers used excessive force during his arrest and detained him for an excessively long period of time. Hartman alleged that Walker knew in advance that Hartman intended to attempt to serve him and that Walker had instructed Deputies Lewis, Broussard, and Barker to arrest Hartman when Hartman stated his intention to serve the summons.

According to Hartman's petition, the three deputies subsequently allowed Hartman to serve the summons on Walker in the jury room. Hartman pleaded that he was told he would be charged with interfering with public duties and disrupting a public meeting, and he alleged that Deputies Broussard, Barker, and Lewis falsified probable cause affidavits to support those charges. In addition, Hartman alleged that Walker and other defendants, working together, replaced Hartman's recording pen with a pocket screwdriver "as part of their scheme to hide Hartman's recording pen and its evidence[.]" Hartman also alleged that Walker's court coordinator "maliciously sought to revoke Hartman's professional licenses[ ]" by filing formal complaints with the Texas Department of Public Safety Private Security Bureau, the Texas Process Server Review Board, and the Texas Association of Licensed Investigators (a trade association).[3] As a result of the complaints *76 being filed, Hartman's licenses as a private investigator, personal protection officer, and commissioned security guard were suspended for approximately three months until his criminal case was dismissed.

Hartman also pleaded that "Walker, with the participation by overt acts by all other Defendants[,] ... prosecuted a malicious, illegal criminal case against Hartman[.]" Hartman alleged that Walker and other defendants "illegally purported to, or pretended to, hire Joe Alford to serve as a District Attorney Pro Tem (DAPT), and arranged for illegal payment of Joe Alford out of the Texas Indigent Defense Fund (IDF)."

According to Hartman, Walker instructed Broussard to take Hartman's recording pen home, where Broussard downloaded it onto a CD and attempted to delete the pen's contents.[4] According to Hartman, Walker and other defendants instructed the persons who were present in the courtroom during the incident "to provide perjured affidavits and one false witness statement[ ] to support Hartman's arrest and prosecution[ ]" and instructed sheriff's deputies to prepare falsified arrest reports and probable cause affidavits. Hartman's petition alleged that the recording pen contained evidence proving that the probable cause arrest affidavits and reports, as well as the affidavits of witnesses, were "perjured and materially false[.]" Hartman further alleged that the defendants who participated in a "pattern of denials and obfuscations about the existence of the recording pen and its evidence" acted on the personal orders of Walker and other defendants.

Hartman pleaded that the individual defendants all "acted in a civil conspiracy to perpetrate Texas torts against Hartman, through collective misconduct, with a unity of purpose and goals, in order to damage Hartman." According to Hartman's petition, the goals of the conspiracy were to maliciously and illegally prosecute Hartman, to destroy Hartman's career, and to maliciously inflict "as much emotional and psychological harm and damage on Hartman as possible." Hartman pleaded that Walker and other defendants caused Hartman to be maliciously prosecuted, and he pleaded that he was suing all of the defendants, "jointly and severally, for the tort of malicious prosecution."[5]

Hartman further pleaded that he was suing Walker in his individual capacity "because Walker was not only a co-conspirator, but also Walker is ultimately the instigator of the civil conspiracy at issue in this case." Hartman pleaded that Walker's tortious misconduct stemmed from "non-judicial actions outside the scope of his jurisdiction as a judge[ ]" and that "Walker's misconduct was not based on his adjudication of any case lawfully assigned to his court." Additionally, Hartman pleaded that he was not a party or a witness to any case pending in Walker's court, and Hartman asserted that Walker's non-judicial acts were not protected by judicial immunity. According to Hartman, Walker's misconduct did not involve normal judicial functions; all of Walker's alleged misconduct, except for Walker's order to Broussard to arrest Hartman, occurred outside the courtroom; Walker's alleged

misconduct did not occur in a case Walker was *77 adjudicating; and Hartman did not attempt to visit Walker in Walker's official capacity.

Hartman pleaded that he sought "joint and several liability against all of the Defendants ... because each action of each Defendant, as well as each tort perpetrated by each Defendant, was an overt act in furtherance of the civil conspiracy to maliciously prosecute Hartman and to destroy his career."[6] In addition, Hartman sought imposition of punitive damages "against all the Defendants jointly and severally under Texas law[.]" Hartman filed numerous exhibits with the trial court, including, among other things, two affidavits signed by Hartman (one from the complaint he filed against Walker with the Judicial Conduct Commission and a second affidavit signed on May 28, 2013), the court reporter's transcript of the proceedings taking place in the courtroom when the incident that led to Hartman's arrest occurred,[7] and testimony taken before one of the boards with which Walker filed a complaint against Hartman. Our review of the appellate record does not reveal any affidavits from Walker.

## WALKER'S MOTION TO DISMISS UNDER THE TCPA

Walker filed a motion to dismiss Hartman's entire case under the TCPA. Referring to the allegations in Hartman's original petition, Walker asserted that Hartman had sued him for "defamation and related torts." Walker argued that the trial court should dismiss Hartman's claims regarding Walker's filing of complaints with the Texas Department of Public Safety Private Security Bureau, the Texas Process Server Review Board, and the Texas Association of Licensed Investigators "because they are based on, related to, or in response to Walker's exercise of the right to petition[,]" and the services provided by process servers are related to community well-being. Walker also complained in his motion to dismiss that Hartman had filed a motion to strike allegedly objectionable, defamatory, and ad hominem portions of Walker's pleadings. According to Walker, Hartman's motion to strike constituted a "legal action" as defined by the TCPA. Walker further asserted that all of his actions were protected by the judicial communications privilege, and he characterizes the other torts asserted by Hartman, which include malicious prosecution and civil conspiracy, as tag-along torts that must also be dismissed.

In response, Hartman argued that: (1) Walker's motion to dismiss was untimely because Hartman had previously asserted the same causes of action against Walker in a lawsuit filed in federal court; (2) Walker *78 lacked standing to assert the motion because he had testified before the Process Server Review Board that his court coordinator unilaterally completed the grievances and used his signature stamp; (3) Walker presented no case law or evidence that any of the boards with which he filed complaints have quasi-judicial powers; (4) the claims in the grievances were false and therefore did not constitute the exercise of free speech; and (5) Walker's TCPA motion only affects Hartman's past claims for defamation and tortious interference, and because those claims have been dismissed the issue is moot.

After conducting a hearing, the trial court signed an order denying Walker's motion to dismiss. The trial judge did not explain the basis for her ruling in the order, nor did she sign findings of fact and conclusions of law.

## ISSUE TWO

1   In his second issue, which we address first, Walker argues that his motion to dismiss under the TCPA was timely filed. Section 27.003(b) of the TCPA provides that "[a] motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action." Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b). As discussed above, Hartman argued before the trial court that Walker's motion to dismiss was untimely because Hartman had previously asserted the same causes of action, based upon the same facts, against Walker in a lawsuit filed in federal court in June 2013, and Hartman makes the same argument in his brief before this Court. According to Hartman, because the federal court refused to exercise supplemental jurisdiction over his tort claims, Hartman was required to refile his lawsuit in state court, and he points out that "such filing tolls limitations" back to the date he originally filed his federal complaint. Hartman asserts the state court proceeding is therefore part of the same litigation he filed in federal court in June of 2013. Hartman argues that the state case is based on the same nucleus of operative facts, has the same individual defendants, and asserts the same torts as the federal lawsuit. He also points out that "the TCPA may be asserted to seek dismissal of a state court defamation claim in a federal case."

Each of the cases Hartman cites in support of his argument that Walker's TCPA motion was untimely involved subsequent petitions, claims, or counterclaims filed within the same

lawsuit, not the situation presented here; that is, successive lawsuits filed in different courts. *See Lexington Ins. Co. v. Daybreak Express, Inc.*, 393 S.W.3d 242, 242–43 (Tex. 2013); *Hicks v. Group & Pension Adm'rs, Inc.*, 473 S.W.3d 518, 527 (Tex. App.—Corpus Christi 2015, no pet.); *In re Estate of Check*, 438 S.W.3d 829, 836–37 (Tex. App.—San Antonio 2014, no pet.); *Miller Weisbrod, L.L.P. v. Llamas-Soforo*, No. 08-12-00278-CV, 511 S.W.3d 181, 191–94, 2014 WL 6679122, at *9–11 (Tex. App.—El Paso Nov. 25, 2014, no pet.) (not yet released for publication). The purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002. The TCPA "shall be construed liberally to effectuate its purpose and intent fully[,]" but the TCPA "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." *Id.* § 27.011.

*79 Taking into account the broad purpose of the TCPA, as well as the lack of authority for the proposition that a common nucleus of operative facts makes a subsequent lawsuit filed in a different court tantamount to the lawsuit previously filed, we conclude that Walker's TCPA motion to dismiss was timely filed. *See generally id.* §§ 27.002, 27.011. We sustain issue two.

### ISSUES ONE, THREE, FOUR, AND FIVE

In issue one, Walker argues that Hartman's legal action was based on, related to, or in response to Walker's exercise of his right of free speech or to petition. Walker's third issue asserts that Hartman's nonsuit of his defamation claims after Walker moved to dismiss did not prevent the trial court from granting relief under the TCPA. In issue four, Walker argues that he showed each element of one or more defenses to Hartman's claims by a preponderance of the evidence, and in issue five, Walker contends that Hartman did not marshal clear and specific evidence of a prima facie case for each essential element of his claims.

2   The TCPA permits a litigant to seek dismissal of a "legal action" that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association[.]" *Id.* § 27.003(a). The statute broadly defines a "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." *Id.* § 27.001(6). The party moving to dismiss under the TCPA bears the initial burden of demonstrating that he has been sued for exercising his First Amendment rights. *Id.* § 27.005(b).

3   4   Once the moving party establishes that the suit implicates First Amendment rights, the burden shifts to the party bringing the action, who must then adduce "clear and specific evidence" of a prima facie case as to each element of the claim. *Id.* § 27.005(c); *In re Lipsky*, 460 S.W.3d 579, 586–87 (Tex. 2015). In determining whether the claim should be dismissed, "the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a). "Under [s]ection 27.006 of the Act, the trial court may consider pleadings as evidence." *Serafine v. Blunt*, 466 S.W.3d 352, 360 (Tex. App.—Austin 2015, no pet.). The Supreme Court has noted that "[c]lear and specific evidence is not a recognized evidentiary standard[,]" and "[a]lthough it sounds similar to clear and convincing evidence, the phrases are not legally synonymous." *In re Lipsky*, 460 S.W.3d at 589. In addition, the Supreme Court noted that the term "prima facie case" "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *Id.* at 590.

5   The Supreme Court explained that under the TCPA, general allegations that merely recite the elements of a cause of action will not suffice; rather, "a plaintiff must provide enough detail to show the factual basis for its claim." *Id.* at 590–91. Although the TCPA "initially demands more information about the underlying claim, the Act does not impose an elevated evidentiary standard or categorically reject circumstantial evidence." *Id.* at 591. If the non-movant meets his burden, the movant may still obtain a dismissal by establishing by a preponderance of the evidence each essential element of a valid defense to the claims. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d).

6   7   The issue of whether Walker met his burden of establishing that Hartman's *80 case related to Walker's exercise of his First Amendment rights is a legal question that we review *de novo* on appeal. *Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 725 (Tex. App.—Houston [14th Dist.] 2013). When the trial court denied Walker's motion to

dismiss, it did not expressly determine whether Walker had met his burden. As previously discussed, Hartman's original petition asserted claims for defamation and tortious interference with business relationships stemming from Walker's filing of formal complaints against Hartman with the Texas Department of Public Safety Private Security Bureau, the Texas Process Server Review Board, and the Texas Association of Licensed Investigators. Hartman later non-suited those claims by filing an amended petition which omitted them.

Based upon the allegations asserted in Hartman's original petition and affidavits, as well as in response to Walker's motion, we conclude that Walker established that a portion of Hartman's lawsuit related to Walker's exercise of his First Amendment rights, which brings Hartman's lawsuit within the purview of the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001 (3) (stating that the exercise of free speech means a communication made in connection with a matter of public concern); *see id.* § 27.001(7) (stating that a communication includes submitting a document in any form regarding a matter of public concern, such as community well-being). We sustain issue one.

8   Having determined that a portion of Hartman's lawsuit related to Walker's exercise of his First Amendment rights and that Walker timely filed his motion to dismiss under the TCPA, we now turn to issue three, in which Walker argues that Hartman's decision to nonsuit his claims for defamation and tortious interference with business relationships does not prevent the trial court from granting relief under the TCPA. As discussed above, it appears that Hartman's only remaining claims against Walker are malicious prosecution and civil conspiracy. In *Rauhauser v. McGibney*, 508 S.W.3d 377 (Tex. App.—Fort Worth 2014, no pet.) (not yet released for publication), the Fort Worth Court of Appeals was presented with a case involving the operator of websites who sued various defendants for "defamation, defamation per se, business disparagement, intentional infliction of emotional distress, tortious interference with business relationships, and other non[-]defamation torts [ ]" related to the defendants' postings of allegedly threatening and defamatory statements on the websites. *Id.* at 380. The appellees decided to nonsuit certain claims, and Rauhauser argued that his TCPA motion to dismiss survived the nonsuit. *Id.* at 381–82.

The *Rauhauser* court noted that "[a]lthough a plaintiff decides which of its own claims to pursue or to abandon, that decision does not control the fate of a nonmoving party's independent claims for affirmative relief." *Id.* According to the Court, "a defendant's motion to dismiss that may afford more relief than a nonsuit affords constitutes a claim for affirmative relief that survives a nonsuit[.]" *Id.* The Court concluded that Rauhauser's TCPA motion to dismiss survived the nonsuit because, unlike a nonsuit, the TCPA motion to dismiss might also allow Rauhauser to obtain a dismissal with prejudice, attorney's fees, and sanctions. *Id.* at 381–83. For the same reasons explained in *Rauhauser*, we conclude that Walker's motion to dismiss under the TCPA survived Hartman's nonsuiting of certain causes of action. *See id.* We sustain issue three to that extent; however, we must address issues four and five to determine whether the trial court erred by denying Walker's motion to dismiss.

9   *81 In issue five, Walker argues that Hartman did not marshal clear and specific evidence of a prima facie case for each essential element of his claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). Walker asserts that Hartman failed to do so as to his claims for defamation and tortious interference, which Hartman has nonsuited, but Walker does not address whether Hartman met the elements of his additional tort claims. By filing an amended pleading that omitted his claims for defamation and tortious interference with business relationships, we agree that Hartman failed to prove those causes of action by clear and specific evidence. *See id.* § 27.006(a) (providing that a trial court shall consider pleadings, as well as supporting and opposing affidavits, in determining whether to dismiss); *Rauhauser*, 508 S.W.3d at 381–83.

10   Both before the trial court and in this appeal, Walker seeks dismissal of Hartman's entire case, not merely parts thereof. Walker characterizes Hartman's claims for malicious prosecution and civil conspiracy as merely tag-along or related torts that must necessarily be dismissed because Hartman's claims for defamation and tortious interference with business relationships, which no longer exist, fall within the purview of the TCPA. When a legal action is in response to both expression protected by the TCPA and other unprotected activity, the legal action is subject to dismissal only to the extent that it is in response to the protected conduct, as opposed to being subject to dismissal in its entirety. *Serafine*, 466 S.W.3d at 393.

11  12  13  14  15   We disagree with Walker's contentions that Hartman failed to make a prima facie case and that the causes of action Hartman alleges for malicious prosecution and civil conspiracy are tag-along torts, thereby making the entire lawsuit subject to dismissal under the TCPA. As discussed above, Hartman's live petition asserts causes of action for malicious prosecution and civil conspiracy. To prove a malicious criminal prosecution claim, the plaintiff must establish: (1) the commencement of a criminal prosecution against him; (2) initiation or procurement of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006); *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). The elements of a civil conspiracy are: (1) a combination of two or more persons; (2) to accomplish an unlawful purpose or a lawful purpose by unlawful means; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) the plaintiff suffered injury as a proximate result of the wrongful act. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998). Liability for conspiracy comes from the act done to further the conspiracy, not the conspiracy itself. *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925 (Tex. 1979). The elements of a conspiracy claim require participation in some underlying intentional tort. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 448 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "Malicious prosecution is an intentional tort." *Closs v. Goose Creek Consol. Indep. Sch. Dist.*, 874 S.W.2d 859, 869 (Tex. App.—Texarkana 1994, no writ).

We conclude that Hartman's live pleadings and affidavits, which we are required to consider as evidence under the TCPA, allege facts if neither rebutted nor contradicted, demonstrate the elements of causes of action for malicious prosecution and civil conspiracy as to Walker, and those causes of action are not dependent upon nor related *82 to Walker's reporting of Hartman to boards and a trade association governing private investigators and process servers. *See Serafine*, 466 S.W.3d at 360; *In re Lipsky*, 460 S.W.3d at 590; *Suberu*, 216 S.W.3d at 792 n.3; *Morris*, 981 S.W.2d at 675; *Richey*, 952 S.W.2d at 517; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.006. Because Hartman made a prima facie case by marshaling clear and specific evidence of each essential element of his claims for malicious prosecution and civil conspiracy, we overrule issue five. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.005(c), 27.006.

16   In issue four, Walker contends that he established by a preponderance of the evidence each essential element of a valid defense to Hartman's claims. Specifically, Walker argues that he showed that he is protected by the judicial communications privilege and the quasi-judicial communications privilege as to Hartman's former claims for tortious interference with business relationships and defamation, as well as to Hartman's motion to strike portions of Walker's pleadings. As explained above, because Hartman nonsuited his claims for defamation and tortious interference with business relationships, we agree that Hartman has failed to make a prima facie case as to those causes of action. *See id.* § 27.005(c). Therefore, we need not address whether Walker proved a valid defense as to Hartman's claims for defamation and tortious interference with business relationships.

With the exception of arguing that Hartman's claims for malicious prosecution and civil conspiracy are tag-along torts that are related to Hartman's previous claims for defamation and tortious interference with business relationships, Walker does not address them. We must now determine whether Walker demonstrated by a preponderance of the evidence his defenses of judicial immunity and quasi-judicial immunity as to Hartman's claims for malicious criminal prosecution and civil conspiracy. *See id.* § 27.005(d) (providing that "the court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim").

17  18  19  20   A judge "shall require order and decorum in proceedings before the judge." Tex. Code Jud. Conduct, Canon 3(B)(3), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. B (West 2013). A judge has immunity when acting in the course of a judicial proceeding over which he has jurisdiction. *Turner v. Pruitt*, 161 Tex. 532, 342 S.W.2d 422, 423 (1961). The doctrine of absolute judicial immunity encompasses all judicial acts unless the judge's actions clearly fall outside the judge's subject-matter jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Dallas Cty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002); *Spencer v. City of Seagoville*, 700 S.W.2d 953, 957–58 (Tex. App.—Dallas 1985, no writ). "A judge will not be deprived of immunity

because he was in error, took action maliciously[,] or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995) (*abrogated on other grounds by Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008)) (citing *Stump*, 435 U.S. at 359, 98 S.Ct. 1099). "Judicial acts include those performed by judges in adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts." *Twilligear v. Carrell*, 148 S.W.3d 502, 505 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). Whether an act is judicial or nonjudicial is determined *83 by the nature of the act; that is, whether it is a function normally performed by a judge, as opposed to other acts that simply happen to have been performed by a judge. *Id.* (citing *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)).

21  22  On the other hand, quasi-judicial immunity and other similar terms, such as official immunity or qualified immunity, are all "used interchangeably to refer to the same affirmative defense available to governmental employees sued in their individual capacities." *Baylor College of Med. v. Hernandez*, 208 S.W.3d 4, 11 n.7 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). "Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." *Id.* at 11.

Although we agree that Walker is entitled to judicial immunity for ordering Hartman's arrest when a disturbance (regardless of the cause of the disturbance) involving Hartman occurred in Walker's courtroom while Walker was presiding, we do not agree that Walker's alleged actions subsequent to Hartman's arrest are protected by judicial immunity. *See generally* Tex. Code Jud. Conduct, Canon 3(B)(3). Hartman's alleged causes of action for malicious prosecution and civil conspiracy, as pleaded, occurred after Hartman had been removed from Walker's courtroom. *See generally Warren v. McLennan Cty. Judiciary*, No. 10-09-00274-CV, 2010 WL 2869817, at *2 (Tex. App.—Waco July 14, 2010, no pet.) (mem. op) (citing *Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005) (holding that when a court has some subject matter jurisdiction, judicial immunity applies unless the judge's action was nonjudicial)).

In *Ballard*, the Fifth Circuit Court of Appeals considered four factors in determining whether a judge's conduct was protected by judicial immunity: (1) whether the judge's actions were a normal judicial function; (2) whether the judge's actions occurred inside the courtroom; (3) whether the controversy centered around a case pending before the judge; and (4) whether the judge was acting in her official capacity. 413 F.3d at 515–16. In this case, Walker's alleged actions after Hartman's arrest include, among other things, replacing Hartman's recording pen with a screwdriver, illegally hiring and paying a District Attorney Pro Tem to prosecute Hartman, instructing officers to take Hartman's recording pen home, obtaining allegedly perjured witness affidavits and probable cause affidavits to support Hartman's arrest and prosecution, and causing Hartman to be maliciously prosecuted. These are not normal judicial functions. These alleged actions occurred outside the courtroom, did not center around a case pending before Walker, and did not involve Walker acting in his official capacity. *See id.* Accordingly, Walker did not show, by a preponderance of the evidence, the existence of the defense of judicial immunity. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code § 27.005(d).

We turn now to Walker's assertion that he proved his defense of quasi-judicial immunity by a preponderance of the evidence. As noted above, Walker discusses his quasi-judicial immunity argument only in the context of the complaints he filed against Hartman and how those complaints pertain to Hartman's former causes of action for defamation and tortious interference with business relationships. We analyze Walker's claim of quasi-judicial immunity solely with respect to Hartman's remaining claims for malicious prosecution and civil conspiracy. As we concluded above, with the exception of ordering Hartman arrested in the courtroom, Walker *84 was not acting in his official capacity when he allegedly committed the acts complained of by Hartman in his pleadings and affidavits. As such, Walker is not entitled to quasi-judicial immunity for the acts which Hartman asserts constitute malicious prosecution and civil conspiracy. *See Hernandez*, 208 S.W.3d at 11.

23  As part of his argument in issue four, Walker asserts that the absolute judicial communications privilege requires the trial court to dismiss Hartman's motion to strike, in which Hartman argued that certain portions of Walker's pleadings were objectionable for various reasons. According to Walker, the trial court was required to dismiss Hartman's motion to strike because it constituted a "legal action" that implicates Walker's right to petition. Section 27.001(6) of the TCPA defines a legal action as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or

filing that requests legal or equitable relief." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6). As was the case with his other arguments before the trial court and on appeal, Walker did not argue that only certain pleadings or causes of action be dismissed or stricken, but that Hartman's lawsuit be dismissed in its entirety. Given the posture of the case, we cannot conclude that the trial court erred by signing an order denying Walker's TCPA motion to dismiss. For all of the above reasons, we overrule issue four.

Having determined that Hartman has met his burden for each element of his claims for malicious prosecution and civil conspiracy and that Walker did not demonstrate by a preponderance of the evidence each essential element of a valid defense to these claims, we affirm the trial court's order denying Walker's motion to dismiss under the TCPA. See *id.* § 27.005(c), (d).

AFFIRMED.

## All Citations

516 S.W.3d 71

### Footnotes

1     Hartman sued Walker and numerous other defendants.

2     Hartman pleaded that, for safety reasons, he decided to attempt to serve Walker at the courthouse with a bailiff's cooperation because when Hartman had previously attempted to serve Walker at his residence, Walker had a gun, and Walker's son chest-bumped Hartman.

3     These allegations were also made against Walker individually in Hartman's original petition, but Hartman deleted these allegations as to Walker in a subsequent petition. However, Hartman did plead that Walker's court coordinator acted "on behalf of Walker" and used Walker's signature stamp.

4     The record indicates that after an internal investigation, the Sheriff recommended Broussard's termination.

5     The criminal case against Hartman was ultimately dismissed.

6     In his original petition, Hartman also asserted that Walker, acting through his court coordinator, had tried to "destroy Hartman's ability to earn a living in his professions by defaming Hartman per se to all of the Boards that issued licenses to Hartman, with the goal of these Boards confiscating Hartman's professional licenses." Hartman's original petition also asserted that Walker tortiously interfered with Hartman's business relationships. However, the defamation and tortious interference with business relationships allegations do not appear in Hartman's second amended petition, which was the live petition when the trial court ruled on Walker's motion to dismiss. In addition, Hartman originally asserted a claim for intentional infliction of emotional distress against all of the defendants; however, Hartman's counsel stated at the hearing on Walker's motion to dismiss that he had dismissed the claim for intentional infliction of emotional distress, and that claim does not appear in Hartman's live petition.

7     Walker moved to strike the exhibits, but the trial court signed an order denying Walker's motion to strike.

**End of Document**     © 2018 Thomson Reuters. No claim to original U.S. Government Works.

